STATE v. PAUL OLDHAM.

(Filed 2 June, 1944.)

**1. Criminal Law § 52b—**

The general rule on a demurrer to the evidence is that only the State's evidence is to be considered, and the defendant's evidence is not to be taken into account, unless it tends to explain or make clear that offered by the State.

**2. Same—**

In cases where the evidence of guilt is purely negative in character, positive and uncontradicted evidence in explanation, which clearly rebuts the inference of guilt and is not inconsistent with the State's evidence, should be taken into consideration on motion to nonsuit.

**3. Same—**

The evidence must do more than raise a suspicion or conjecture in regard to the essential facts of the case: *Holding* evidence in a prosecution for vagrancy insufficient to support a conviction.

APPEAL by defendant from *Phillips, J.,* at December Term, 1943, of FORSYTH. Reversed.

The defendant was charged with vagrancy. The jury returned verdict of guilty, and from judgment imposing sentence, defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*John D. Slawter and Richmond Rucker for defendant.*

DEVIN, J. The defendant assigns error in the ruling of the court below in denying his motion for judgment of nonsuit. He contends that the evidence offered by the State was insufficient to sustain a conviction for vagrancy as charged in the warrant under which he was put to trial.

The statutory definition of vagrancy (G. S., 14-336) includes seven classes: "1. Persons wandering or strolling about in idleness who are able to work and have no property to support them. 2. Persons leading an idle, immoral or profligate life, who have no property to support them and who are able to work and do not work. 3. All persons able to work having no property to support them and who have not some visible and

known means of a fair, honest and reputable livelihood. 4. Persons having a fixed abode who have no visible property to support them and who live by stealing or by trading in, bartering for or buying stolen property. 5. Professional gamblers living in idleness. 6. All able-bodied men having no other visible means of support who shall live in idleness upon the wages or earnings of their mother, wife or minor children, except of male children over eighteen years old. 7. Keepers and inmates of bawdy-houses. . . ."

The warrant charged vagrancy under each classification save the seventh. However, it was not contended there was any evidence to support the charge as defined in the 4th, 5th or 6th class. So that the only question is whether there was evidence to support the charge under either of the first three. From the descriptive words contained in these three clauses it appears that a vagrant is substantially defined as a person able to work who spends his time in idleness or immorality, having no property to support him, and without some visible and known means of fair, honest and reputable livelihood.

According to the record before us, the only evidence offered by the State came from two police officers, who testified that the defendant, about the time charged in the warrant, spent much of his time in and around the bus station and near-by cafe in Winston-Salem; that when questioned defendant said he was not working and did not intend doing so, that he had an income, and that he owned a home on Lexington Road. It was further testified by one of the officers that defendant was often seen in the evening at the bus station in the company of a woman who would come on the bus from East Bend, a town some 19 miles away, and who would return on the bus leaving about 9:30; that thereafter defendant would be seen in the bus station with another woman. The witness testified he had seen him talk to several different ones, but had never seen him go off with the women, nor had he seen the men he talked to go off with the women. The defendant was able to work.

The defendant offered evidence tending to show that he and the woman identified as coming from East Bend, Pauline Smitherman, were married shortly after the time about which the officers testified, and are now living in East Bend; that defendant's home where he lived up to the time of his marriage was worth $1,500 to $1,800, and that at the time he was arrested he had the sum of $700.00 in cash; that he was working for his wife's father, who had a store in East Bend, making trips to and from Winston-Salem.

The general rule on a demurrer to the evidence is that only the State's evidence is to be considered, and the defendant's evidence is not to be taken into account, unless it tends to explain or make clear that offered by the State. *S. v. Satterfield,* 207 N. C., 118, 176 S. E., 466; *Gregory*

*v. Ins. Co.,* 223 N. C., 124, 147 A. L. R., 283.   However, in vagrancy cases where the evidence of guilt is purely negative in character, positive and uncontradicted evidence in explanation which clearly rebuts the inference of guilt and is not inconsistent with the State's evidence should be taken into consideration on motion to nonsuit.   *Jacobs v. State,* 1 Ga. App., 519, 57 S. E., 1063; *Baugh v. State,* 32 Ga. App., 496, 123 S. E., 923; *Mooney v. State,* 32 Ga. App., 734, 123 S. E., 734; *People v. Sohn,* 269 N. Y., 330, 199 N. E., 501; 66 C. J., 411.   Applying this rule in this case, we think the evidence insufficient to sustain a conviction.   "The evidence must do more than raise a suspicion or conjecture in regard to the essential facts of the case."   *S. v. Oxendine,* 223 N. C., 659.

The motion for judgment of nonsuit should have been allowed.

Reversed.