STATE v. JOHN BALDWIN.

(Filed 1 May, 1946.)

**1. Burglary § 11—**

Evidence tending to show that officers searched a car owned by defendant and to which defendant had the key, and found therein implements which, in combination, as a matter of common knowledge, are implements of housebreaking, *is held* sufficient to overrule defendant's motion to nonsuit in a prosecution under G. S., 14-55.

**2. Burglary § 6: Criminal Law § 28b—**

Although a Stillson wrench, a brace, drills of varying sizes, detonating caps, flashlight batteries, gloves, dynamite, bullets, a drill chuck key, and other like articles, are articles having legitimate uses, the court will take judicial knowledge that they are, in combination, implements of housebreaking.

**3. Criminal Law § 27—**

Testimony by a witness for the State that defendant made a declaration of innocence does not entitle defendant to judgment as of nonsuit, since such self-serving declaration does not rebut any proof by the State. Such case is distinguishable from instances in which the State by positive evidence establishes a complete defense, or in which the State's evidence is entirely negative and defendant's evidence, without being in conflict therewith, explains away such negative evidence. G. S., 15-173.

**4. Burglary § 6—**

The offense of being armed with any dangerous weapon with intent to break and enter a dwelling or other building and commit a felony therein,

and the offense of possessing, without lawful excuse, implements of house-breaking, are separate and distinct offenses, G. S., 14-55, the first requiring a presently existing intent to break and enter, and the second mere possession, without lawful excuse, of implements of housebreaking, which infers no personal intent but rather the purpose for which the implements are kept.

**5. Criminal Law §§ 19, 52b—**

Where the indictments contain two separate charges and the State takes a voluntary nonsuit upon the first count, defendant's contention that the nonsuit established his innocence of acts charged under that count which also constituted essential elements of the offense charged in the second count, must be presented by a plea of former jeopardy or former acquittal, and not by motion for judgment as of nonsuit, G. S., 15-173, and the failure of a plea of former jeopardy amounts to a waiver of his rights in the premises.

APPEAL by defendant from *Parker, J.*, at November Term, 1945, of WAKE.

This was a criminal action wherein the defendant was tried and convicted upon a bill of indictment which contained two counts: The first count charged that the defendant "unlawfully, wilfully and feloniously was found armed with and having in his possession without lawful excuse certain dangerous and offensive weapons, to wit: One 18′ Stillson wrench, one brace #4310, one ½″ drill, one $\frac{5}{16}$″ drill, one $\frac{3}{16}$″ drill, one $\frac{7}{32}$″ drill, five detonating caps, two flashlight batteries Ray O Vac, one burgess super service battery, ″2 cell, one pair brown gloves, one way pack pickle jar containing two sticks of dynamite, four .32 calibre bullets, one drill chuck key, one bottle containing paregoric and other implements of dangerous and offensive nature fitted and designed for use in burglary or other house breakings or for the use in burglary with explosives with intent to so use said implements for the purpose of unlawfully and feloniously breaking and entering a dwelling or other building against the form of the statute in such case made and provided. . . ." The second count charged that the defendant "was found and did then and there unlawfully, wilfully and feloniously have in his possession without lawful excuse certain implements of house breaking, to wit: One 18′ Stillson wrench, one brace #4310, one ½″ drill, one $\frac{5}{16}$″ drill, one $\frac{3}{16}$″ drill, one $\frac{7}{32}$″ drill, five detonating caps, two flashlight batteries RayO Vac, one burgess super service battery, ″2 cell, one pair brown gloves, one way pack pickle jar containing two sticks of dynamite, four .32 calibre bullets, one drill chuck key, one bottle containing paregoric and other implements of dangerous and offensive nature fitted and designed for use in burglary or other house breakings or for use in burglary with explosives against the form of the statute . . ."

The solicitor took a voluntary nonsuit as to the first count in the bill of indictment, and after the close of the evidence, the arguments for the State and defendant and charge of the court, the jury returned a verdict of guilty as charged in the second count of the bill of indictment, whereupon judgment of imprisonment was pronounced from which the defendant appealed, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes, Moody, and Tucker for the State.*

*Walter D. Siler and K. R. Hoyle for defendant, appellant.*

SCHENCK, J. The first assignments of error set out in the appellant's brief relate to the court's refusal to allow defendant's motion for judgment as in case of nonsuit on the second count duly lodged under G. S., 15-173, and presented to the court at various times and ways during the course of the trial. It was first contended by the defendant that the evidence was insufficient to be submitted to the jury. We think but a casual consideration of the evidence clearly demonstrates its sufficiency to overthrow the motion. It tends to show that the defendant owned the car to which he had in his possession a key, and upon search of the car most of the articles, if not all, mentioned in the bill of indictment were found therein, that while these articles may have had legitimate uses, they were also such articles as were commonly used in blowing safes, burglary and in house breaking; and if any further argument as to the sufficiency of the evidence was needed it is furnished in *S. v. Vick,* 213 N. C., 235, 195 S. E., 779, where *Mr. Justice Barnhill* writes: "There are many facts of which the Court may take judicial notice, and they should take notice of whatever is, or ought to be, generally known within the limits of their jurisdiction, for justice does not require that courts profess to be more ignorant than the rest of mankind. 15 R. C. L., 1057. It is not unusual for the Court to take judicial notice that certain weapons not specifically described in the statute are deadly weapons. They likewise take notice of other like generally known facts. While each of the articles found in the possession of the defendant has its legitimate use, it cannot be said that taken in combination these articles are tools of any legitimate trade or calling. There is no legitimate purpose for which this defendant and his companion could have the combination of articles found in their possession. On the other hand, taken in combination, they are the instruments and tools usually possessed and used by housebreakers. Section 4237-A expressly recognizes nitroglycerin, dynamite, gunpowder, and other explosives as instruments of housebreaking."

It is contended by the appellant that the declarations attributed to him, the defendant, as testified to by a witness introduced by the State, to the effect that the defendant first denied that he knew the articles were in the car and for what they were intended, entitled him to a judgment of nonsuit, since the State was precluded from contradicting such declarations since they were introduced by it. The Court does not hold that any self-serving declaration of the defendant rebuts any proof of the State, although introduced by the State. The case is not to be confused with cases in which the State by its positive evidence establishes a complete defense, *S. v. Hedden,* 187 N. C., 803, 123 S. E., 65, nor with cases in which the State's evidence is entirely negative and the defendants' evidence, without conflicting with this negative evidence, explains it away. *S. v. Oldham,* 224 N. C., 415, 30 S. E. (2d), 318. We are of the opinion, and so hold, that this contention of the defendant is without merit.

It is then contended by the defendant that when the solicitor took a voluntary nonsuit on the first count in the bill of indictment it was tantamount to a judgment that the defendant Baldwin was not guilty of constituent facts and acts therein charged, and since some, at least, of these facts and acts are charged in the second count, and it having been found or admitted that the said facts and acts did not exist on the first count, it followed that the same facts and acts did not exist on the second count, and these being necessary elements of the offense charged in the second count, it followed that the second count was not sustained and the motion thereon for judgment as in case of nonsuit should have been allowed.

The bill of indictment upon which the defendant was tried was drawn under G. S., 14-55, which reads: "If any person shall be found armed with any dangerous or offensive weapon, with intent to break and enter a dwelling, or other building whatsoever, and to commit a felony or other infamous crime therein; or shall be found having in his possession, without lawful excuse, any pick lock, key, bit or other implement of house breaking; or shall be found in any such building, with intent to commit a felony or other infamous crime therein, such person shall be guilty of a felony and punished by fine or imprisonment. . . ." The defendant is confusing an essential element of a criminal offense with a method of determining what amounts to a particular type of instrument or implement. The offense condemned by the first portion of G. S., 14-55, is the possession of a dangerous or offensive weapon with the presently existing intent to break or enter a dwelling or other building to commit a felony or other infamous crime therein. Intent, as used here, means a present, specific intent in the mind of the person who possesses the weapon. This is the crime charged in the first count of the bill of indictment and as to which the court entered a judgment as of

nonsuit. The intent in the definition of an implement of housebreaking does not mean a specific, present intent to break or enter a dwelling. It means, rather, the purpose for which the tools are kept. However, irrespective of whether the offense charged in the first count and in the second count were or were not the same in law and in fact, if the defendant's contention that a voluntary nonsuit taken on the first count was tantamount also to a verdict of not guilty on the second count, was correct, the defendant should have entered a plea of former jeopardy or prior acquittal, and his failure so to do amounts to a waiver of his rights in the premises. *S. v. Davis,* 223 N. C., 54, 25 S. E. (2d), 164; *S. v. King,* 195 N. C., 621, 145 S. E., 140.

For the reasons given we are of the opinion, and so hold, that the assignments of error made by the defendant based upon the refusal of the court to allow the motion for judgment as in case of nonsuit are without merit.

There are in the record many exceptions lodged to the contentions by the State given in his Honor's charge and these exceptions are preserved in the assignments of error, and some of them are set out in the appellant's brief, but in no instance did the defendant object to the statement of such contentions at the time they were given, and objections thereto for the first time being made upon appeal in this Court would seem to be untenable. *S. v. Smith,* 225 N. C., 78, and cases there cited.

We have carefully considered the exceptions in the record lodged to the admission of evidence and found no merit therein. Many of these exceptions were taken where the evidence was admitted upon redirect examination of a witness to explain evidence elicited on cross-examination. There was no error thereby committed. *S. v. Britt,* 225 N. C., 364.

It would appear there was legally sufficient evidence and a trial free from error, and that the judgment below should be affirmed. It is so ordered.

No error.