STATE v. JOHNNIE JONES.

(Filed 26 February, 1947.)

**1. Criminal Law § 14—**

Where in the trial in Recorder's Court defendant is found guilty on the first count and not guilty on the second, and appeals to the Superior Court, the charge on the second count is not before the Superior Court and a conviction on the second count in the Superior Court will be set aside as a nullity.

**2. Disorderly Conduct § 2—**

Defendant was charged with disorderly conduct at a public place "by using indecent language." The municipal ordinance provided that it should be unlawful to disturb the good order, peace and quiet of the town. The evidence disclosed that defendant was told by an officer to move his car from a zone newly marked for loading, that defendant inquired when "all this God damn stuff" was started in the town, and that the officer immediately arrested him because he had "run his mouth" and was "killing time." *Held:* The record fails to support the charge.

APPEAL by defendant from *Stevens, J.,* at October Term, 1946, of EDGECOMBE.

Criminal prosecution upon two warrants: In the first, it is alleged that "in said county and in the Town of Tarboro (or the Town of Princeville), on or about the 16th day of February, 1946, the above named defendant unlawfully and wilfully violated the laws of the State of North Carolina or ordinances of said Town, acting in a disorderly manner on Granville St., by using indecent language, contrary to the statutes in such cases made and provided." In the second, the defendant is charged with resisting arrest and attempting to assault an officer with a deadly weapon.

From judgment of guilty in the magistrate's court on the first warrant, the defendant appealed to the Superior Court.

In the Recorder's Court, the defendant was declared guilty of resisting arrest, but not guilty of attempting to assault an officer with a deadly weapon. From the judgment pronounced, the defendant appealed to the Superior Court.

The two appeals, on the separate warrants, were consolidated and heard together in the Superior Court, as both charges arise out of the same transaction.

On Saturday, 16 February, 1946, the defendant drove his car into the Town of Tarboro and parked it in a space which had "just been marked· off" as a loading zone. The defendant was drinking but not drunk. The chief of police insisted that he move his car. After some hesitancy, the defendant got in his car, but "seemed mad, and started cursing." He said to the officer: "When did you all start all this God damn stuff around here?" The chief of police, thereupon reached over and cut his switch off and told the defendant he was under arrest. "That was all the cursing he did but was killing time." A number of people were on the sidewalk near enough to hear what was said.

At the close of the State's evidence, judgment of nonsuit was entered on the charge of resisting arrest, and the case was submitted to the jury on the remaining counts in the two warrants.

Verdict: Guilty of disorderly conduct (first warrant) and guilty of attempting to assault an officer (second warrant).

Judgment: Thirty days in jail on first warrant to run concurrently with sentence on second warrant; six months on the roads on second warrant.

Defendant appeals, assigning errors.

*Attorney-General McMullan and Assistant Attorneys-General Bruton, Rhodes, and Moody for the State.*

*P. H. Bell for defendant.*

STACY, C. J. The charge of attempting to assault an officer with a deadly weapon was not before the Superior Court. *S. v. Nichols,* 215 N. C., 80, 200 S. E., 926; *S. v. Perry,* 225 N. C., 174, 33 S. E. (2d),· 869. The defendant had been acquitted on this count in the Recorder's Court, and his appeal on the second warrant was limited to the count of resisting arrest. See *S. v. Crandall,* 225 N. C., 148, 33 S. E. (2d), 861, and cases there cited. *Cf. S. v. Baldwin,* 226 N. C., 295, 37 S. E. (2d), 898; *S. v. Bell,* 205 N. C., 225, 171 S. E., 50. When judgment of nonsuit was entered on this count, there remained nothing but the charge of disorderly conduct as contained in the first warrant.

The first warrant is artlessly drawn. Its imprecision is conceded. Indeed, it may be doubted whether it sufficiently charges any offense. But however this may be, the record hardly supports the charge of "acting in a disorderly manner on Granville St. by using indecent language."

The ordinance of the Town of Tarboro provides: "Disturbing of Peace. It shall be unlawful to disturb the good order, peace and quiet of the town." *S. v. Sherrard,* 117 N. C., 716, 23 S. E., 157.

If this be the ordinance which the defendant is charged with violating, so far as the record discloses, the only "indecent language" used by the defendant was an inquiry addressed to the chief of police, who immediately arrested the defendant, not so much for the inquiry, but because "he had run his mouth so much" and "was killing time" in getting his car out of the loading zone. The peace of the town seems to have been in the hands of the officers, who apparently were swift to enforce it, even to the point of harshness.

On the record as presented, we are constrained to hold that the prosecution on the first warrant must fail. This entitled the defendant to his discharge.

Reversed.