STATE OF NORTH CAROLINA v. NORMA PRICE ALLEN

No. 249A91

(Filed 17 July 1992)

**Evidence and Witnesses § 1220 (NCI4th)— confession—illegal arrest—not admissible**

The trial court erred in a prosecution in which defendant was convicted of maintaining a building for keeping marijuana by admitting an inculpatory statement made by defendant after her illegal arrest. The arrest was illegal because the officers did not have the right to enter the home to arrest defendant without an arrest warrant even though they had probable cause to believe the occupants of the home were growing marijuana, and the search warrant which the officers had was invalid for the search of the house. Although the state contended that the intervening circumstances so attenuated the de-

STATE v. ALLEN

[332 N.C. 123 (1992)]

fendant's statement from the arrest that it was admissible, none of those factors singly or in combination were sufficient to break the chain of causation between the arrest of the defendant and her statements to officers according to Fourth Amendment principles.

**Am Jur 2d, Evidence § 613.**

**Suppression before indictment or trial of confession unlawfully obtained. 1 ALR2d 1012.**

APPEAL as of right by defendant pursuant to N.C.G.S. § 7A-30(2) from a decision of a divided panel of the Court of Appeals, 102 N.C. App. 598, 403 S.E.2d 907 (1991), affirming the judgment of *Watts, J.,* entered in Superior Court, WASHINGTON County, on 17 August 1989. Heard in the Supreme Court 11 May 1992.

The defendant was tried for manufacturing marijuana in violation of N.C.G.S. § 90-95(a)(1) and keeping and maintaining a building used for the keeping of marijuana in violation of N.C.G.S. § 90-108(a)(7). Prior to the trial of this case, the defendant moved to suppress all evidence seized in her home because the home was searched pursuant to an invalid search warrant. The search warrant authorized the officers to search the defendant's house and a barn on the premises. The superior court held that the search warrant was invalid for a search of the house but was valid for a search of the barn. It ordered all evidence seized in the search of the house to be suppressed. The State did not appeal this order.

The defendant then moved to suppress a statement she made to the officers after she was arrested. A hearing on this motion was held before the trial commenced. The evidence at the hearing showed that K. L. Bazemore, an agent with the State Bureau of Investigation, participated in a raid in Macon County on a barn used for growing marijuana. The operator of the barn agreed to cooperate with the officers. He told Mr. Bazemore that the Macon County barn was owned by Harold Lewis Davis of Plymouth, North Carolina, and that William Felton Allen, the defendant's husband, was growing marijuana for Mr. Davis in a similar type barn in Washington County. The operator of the Macon County barn also told Mr. Bazemore that William Felton Allen had been to Macon County to observe the operation of the barn. Mr. Bazemore had been to the home of the defendant and William Felton Allen in

Washington County and observed a barn on the premises of similar construction to the Macon County barn.

A search warrant was procured for the house and barn on the premises on which the defendant and her husband lived and the officers went to the home at approximately 10:50 a.m. on 28 October 1988. The defendant came to the door "dressed in a nightgown and robe." After identifying themselves, the officers told the defendant they had a warrant to search the house and barn, provided defendant with a copy of the search warrant, and told her that other officers were bringing her husband home from work.

The officers searched the house to determine whether other persons were present. They then searched the barn, located approximately sixty to seventy-five feet from the residence, and discovered approximately ninety marijuana plants growing in the barn.

After the barn was searched, the defendant asked and received permission to shower and dress. She was escorted to her bedroom to get clothes, and to the bathroom, which was searched again. She was instructed to knock on the bathroom door when she was finished. Fifteen or twenty minutes later, the defendant was taken back to the den.

The defendant's husband was brought home from work at approximately 11:40 a.m. He was advised of his *Miranda* rights and refused to talk until he had an attorney. At 12:25 p.m., the defendant was advised of her *Miranda* rights. She consented to talk to the officers and made incriminating statements. Mr. Bazemore testified that at no time was the defendant free to leave the custody of the officers.

In its order on this suppression hearing, the court found as a fact that although the defendant was "not 'formally' arrested until some time considerably later in the day Mrs. Allen was deprived of her liberty shortly after the arrival of the officers and the discovery of the ongoing growing operation, and was thereafter in custody at all times." The court found that the defendant was fully advised of her rights to remain silent and to have an attorney which she knowingly, voluntarily, and understandingly waived.

The court found further that the incriminating statement by the defendant was not a "fruit of a poisonous tree." The court found that "the effect of any unlawful conduct by the officers was

STATE v. ALLEN

[332 N.C. 123 (1992)]

sufficiently attenuated by intervening events, including the passage of time, the arrival of female officers, the arrival of the defendant's husband and permitting the defendant to bathe and dress."

The court denied the motion to suppress. The defendant was found not guilty of manufacturing marijuana and guilty of maintaining a building used for the keeping of marijuana. The defendant was sentenced to two years in prison. This sentence was suspended on condition that the defendant serve ninety days in prison, pay a fine of $4,500 and be placed on probation for five years. The defendant's husband pled guilty to manufacturing marijuana and maintaining a building used for keeping marijuana. He received a suspended sentence.

The defendant appealed and the Court of Appeals found no error with Judge Wells dissenting. The defendant has now appealed to this Court.

*Lacy H. Thornburg, Attorney General, by E. H. Bunting, Jr., Special Deputy Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, for defendant appellant.*

WEBB, Justice.

The defendant in this appeal contends that her inculpatory statement should have been suppressed because it was procured in violation of her rights under the Fourth Amendment to the Constitution of the United States. She does not contend that the statement was taken in violation of her right not to give testimony against herself pursuant to the Fifth Amendment to the Constitution of the United States.

We hold, applying the law in regard to the Fourth Amendment as enunciated by the Supreme Court of the United States, that this assignment of error must be sustained. The Fourth Amendment to the Constitution of the United States provides:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue but upon probable cause, supported by oath or affirmation and particularly describing the place to be searched and the persons or things to be seized.

STATE v. ALLEN

[332 N.C. 123 (1992)]

The United States Supreme Court in interpreting the Fourth Amendment has held that a confession obtained as the result of an illegal arrest of the defendant must be excluded from the evidence against him. The Court said the question as to whether the confession should be excluded depends on whether it was obtained by the exploitation of the illegal arrest or by means sufficiently distinguishable to be purged of the primary taint. *Wong Sun v. United States*, 371 U.S. 471, 9 L. Ed. 2d 441 (1963).

The United States Supreme Court in *Payton v. New York*, 445 U.S. 573, 63 L. Ed. 2d 639 (1980), held that, absent exigent circumstances, an officer, although he may have probable cause to believe someone guilty of a felony occupies a dwelling and is in it at that time, may not enter the dwelling to arrest the suspected felon without an arrest warrant. If an officer does so, any evidence gained from the entry should be suppressed. In this case, although there was evidence that at the time the officers approached the defendant's home they had probable cause to believe the occupants of the home were growing marijuana, this would not, under *Payton*, give them the right to enter the home to arrest the defendant without an arrest warrant. The officers had a search warrant but this warrant was held by the superior court to be invalid for a search of the house and the State does not contend on this appeal that this was error. The arrest of the defendant in this case was illegal under *Payton*.

The question on this appeal is whether the statement of the defendant was obtained by reason of the illegal arrest or by means sufficiently distinguishable to be purged of taint. In determining this question, we are guided by cases decided by the United States Supreme Court and not by what we might consider to be the causes for the giving of the statement.

In *Brown v. Illinois*, 422 U.S. 590, 45 L. Ed. 2d 416 (1975), the Court held that the giving of a *Miranda* warning was not sufficient to remove the taint of a confession following an illegal arrest. The Court held that although advising a defendant of his right to remain silent could satisfy the requirement of *Miranda v. Arizona*, 384 U.S. 436, 16 L. Ed. 2d 694 (1966), as to a defendant's Fifth Amendment rights, it does not satisfy the requirements of the Fourth Amendment as to the strictures on searches and seizures. If a defendant confesses as the result of an illegal arrest, the taint of this confession is not removed by the voluntariness of

STATE v. ALLEN

[332 N.C. 123 (1992)]

the confession under *Miranda* principles. We believe the rule, as promulgated by the United States Supreme Court, is that if a person is illegally arrested, any inculpatory statement he makes while under arrest must be suppressed unless the State can show the causal chain was broken by some independent circumstance which will show the statement was not caused by the arrest.

The State contends and the superior court and the Court of Appeals held that intervening circumstances so attenuated the defendant's statement that it was admissible in evidence. The superior court found as attenuating events "the passage of time, the arrival of female officers, the arrival of the defendant's husband and permitting the defendant to bathe and dress." The Court of Appeals relied on these factors and the additional facts that the defendant was 35 years of age and a registered nurse to hold that the statement was so attenuated from the arrest as to be admissible.

In determining this case, we take note of *New York v. Harris*, 495 U.S. 14, 109 L. Ed. 2d 13 (1990). In that case, the United States Supreme Court held that a confession made in a station house after the defendant was illegally arrested in his home was admissible. The Court said, however, "a warrantless entry will lead to the suppression of any . . . statements taken inside the home." *Id.* at 20, 109 L. Ed. 2d at 22.

We cannot hold that the statement of the defendant to the officers was so attenuated from the illegal arrest that the statement can be said to be independent of the arrest. The statement was made approximately two hours from the time the officers entered the home. In *Brown* and in *Taylor v. Alabama*, 457 U.S. 687, 73 L. Ed. 2d 314 (1982), the defendants were held approximately two hours and in neither case did the Court hold this caused the confession to be from an independent source. We also cannot say that the arrival of female officers broke the causal connection with the arrest. The arrival of the defendant's husband would likewise not affect the defendant's motive to make a statement. Her husband was under arrest and although she could see him, she was not allowed to talk to him. Allowing the defendant to take a bath was not a break in the chain. She remained under restraint by the officers and could only act as they directed. We also do not believe the fact that the defendant was thirty-five years old and a registered nurse is an attenuating circumstance. This was not something that occurred after the arrest. We hold that none of

these factors relied on by the superior court and the Court of Appeals singly or in combination were sufficient to break the chain of causation between the arrest of the defendant and her statement to the officers according to Fourth Amendment principles as enunciated by the United States Supreme Court. The defendant's inculpatory statement should have been suppressed.

We reverse the Court of Appeals and remand for a remand to the Superior Court, Washington County, for a new trial.

Reversed and remanded.