STATE OF NORTH CAROLINA v. MICHAEL LEE BOWENS

No. COA99-1065

(Filed 3 October 2000)

## 1. Drugs— knowingly and intentionally maintaining a dwelling for controlled substances—sufficiency of evidence

The trial court erred by denying defendant's motion to dismiss the charge of knowingly and intentionally maintaining a dwelling used for keeping or selling controlled substances under N.C.G.S. § 90-108(a)(7) because: (1) the State failed to present substantial evidence that defendant was the owner or the lessee of the dwelling, or that he had any responsibility for the payment

STATE v. BOWENS

[140 N.C. App. 217 (2000)]

of the utilities or the general upkeep of the dwelling; (2) testimony that defendant was present at the dwelling on several occasions and testimony that he lived at the dwelling cannot alone support a conclusion that defendant kept or maintained the dwelling; and (3) although men's clothing was found at the dwelling, there is no evidence the clothes belonged to defendant.

**2. Drugs— intent to sell or deliver marijuana—actual possession—constructive possession—sufficiency of evidence**

The trial court did not err by denying defendant's motion to dismiss the charge of possession with intent to sell or deliver marijuana in violation of N.C.G.S. § 90-95(a)(1), because there was sufficient evidence to support a conclusion that defendant had actual possession of some of the drugs and constructive possession of some of the drugs, including evidence that: (1) defendant was found in the dwelling and was seen there on several other occasions; (2) defendant attempted to flee from the officers; (3) 7.5 grams of marijuana were found on defendant's person; and (4) approximately 72.7 grams of marijuana were found in and about the house.

**3. Sentencing— habitual felon—indictment specifically referenced only one felony**

The habitual felon indictment was properly submitted to the jury even though defendant was charged with three principal felonies and the habitual felon indictment specifically referenced only the felonious possession of marijuana, because: (1) although the principal felony referenced in the indictment had been dismissed, it is not an essential element of being a habitual felon and is treated as surplusage and ignored; and (2) defendant had notice of the habitual felon charge against him and had the opportunity to present a defense.

Appeal by defendant from judgment dated 7 April 1999 by Judge James D. Llewellyn in Wilson County Superior Court. Heard in the Court of Appeals 22 August 2000.

*Attorney General Michael F. Easley, by Associate Attorney General Christopher W. Brooks, for the State.*

*Gibbons, Cozart, Jones, Hughes, Sallenger & Taylor, by Thomas R. Sallenger, for defendant-appellant.*

STATE v. BOWENS

[140 N.C. App. 217 (2000)]

GREENE, Judge.

Michael Lee Bowens (Defendant) appeals from a judgment entered following a jury verdict finding him guilty of maintaining a dwelling to keep or sell controlled substances, possession of marijuana with intent to sell and deliver, and having attained an habitual felon status. Defendant was sentenced to a minimum term of 90 months and a maximum term of 117 months.

Defendant was charged on 12 October 1998 with maintaining a dwelling to keep or sell controlled substances, possession with intent to sell or deliver marijuana, and felonious possession of marijuana. The habitual felon indictment alleged, in pertinent part, that Defendant "willfully and feloniously did commit the crime of Felonious Possession of Marijuana . . . while being an habitual felon."

The State presented evidence that on 10 July 1998, at 12:45 p.m., Officers Adolphus McGhee (McGhee), R.L. Branch (Branch), and Brian Brame .(Brame), of the Wilson Police Department, executed a search warrant at 1108 Carolina Street. Prior to the execution of the warrant, the officers had observed the Carolina Street location for 2-to-3 days and during that time had seen Defendant enter the residence 8-to-10 times. McGhee testified he did not see anybody, other than Defendant, enter or exit the dwelling during the surveillance. In addition, Branch testified he was familiar with Defendant and Defendant lived "[a]t 1108 Carolina Street." On cross-examination, Branch stated he did not check to see who the dwelling was rented to, the telephone records, the City of Wilson utilities records, or any mail items lying around in the residence to determine who was noted as paying any of the bills. At the time the search warrant was executed, Defendant was the only person inside the dwelling and was found in the kitchen running toward the rear of the residence. McGhee placed Defendant in handcuffs and searched him for weapons. During the search, McGhee detected a bulge and had Brame, the designated evidence officer, check Defendant. From Defendant's right rear pocket, Brame removed two hundred and thirty-three dollars and approximately 7.5 grams of marijuana. Although Brame recalled he did look for pieces of paper with names and addresses on them, he was unable to locate any.

As the search continued, the officers discovered and confiscated a bag of marijuana weighing approximately 61.2 grams. The bag was found hidden in the couch in the living room and contained twenty-

nine individual bags of marijuana, referred to as "dime bags." The officers also found approximately 11.5 grams of marijuana located on a table near a television set in the living room, as well as a police scanner, an electronic scale, a metal smoking pipe, individual baggies used for packaging marijuana, scissors, small scales used for cutting or weighing marijuana, and a shoe box containing marijuana residue.

Branch testified he only saw men's clothing and did not see any women's clothing in the bedroom closet. He also stated that as the officers were placing Defendant in the police vehicle, Angela Williams (Williams) approached him and asked whether Defendant was being arrested. Williams stated she did not live at 1108 Carolina Street, she lived around the corner and she was only visiting.

At the close of the State's evidence, Defendant moved for dismissal of all of the charges, with the exception of the habitual felon charge which had not yet been presented to the jury. The trial court granted the dismissal of the felonious possession of marijuana charge and denied the motion with respect to the other charges.

Williams, who also is the mother of three of Defendant's children, testified for Defendant that she rented the dwelling at 1108 Carolina Street, the lease and utilities were in her name, and she paid for both the rent and utilities. She further testified she lived at 1108 Carolina Street and, on occasion, her children stayed there with her. Williams also stated the furnishings, the male clothing items, and any pictures located in the dwelling all belonged to her. Furthermore, Williams testified Defendant was there to see their children when the search occurred. She stated the marijuana hidden in the couch, the 11.5 grams of marijuana found on the table in front of the television, the police scanner, the smoking pipe, the electronic scale, the scissors, the scales, and the baggies all belonged to her and Defendant had no idea the marijuana was present.

At the close of Defendant's evidence, Defendant again made motions for the dismissal of the charge of possession with intent to sell or deliver marijuana and of the charge of knowingly and intentionally keeping or maintaining a dwelling which was used to keep or sell controlled substances. The trial judge again denied the motions.

After the jury found Defendant guilty of the remaining charges and before the habitual felon indictment was submitted to the jury,

Defendant moved to dismiss that indictment on the ground the principal felony in the indictment had been dismissed. The trial court denied this motion and the jury found Defendant guilty of being an habitual felon.

---

The issues are whether: (I) the State presented substantial evidence Defendant maintained the dwelling at 1108 Carolina Street; (II) the State presented substantial evidence of Defendant's constructive possession of the marijuana located in the dwelling; and (III) an habitual felon indictment must be dismissed if the principal felony listed in the indictment is dismissed.

I

[1] Defendant was charged with knowingly and intentionally maintaining a dwelling used for keeping or selling controlled substances under N.C. Gen. Stat. § 90-108(a)(7). This statute, in pertinent part, makes it unlawful for any person:

> To knowingly keep or maintain any store, shop, warehouse, dwelling house, building, vehicle, boat, aircraft, or any place whatever, . . . which is used for the keeping or selling of [a controlled substance] . . . in violation of this Article.

N.C.G.S. § 90-108(a)(7) (1999). Whether a person "keep[s] or maintain[s]" a dwelling, within the meaning of N.C. Gen. Stat. § 90-108(a)(7), requires the consideration of several factors, none of which are dispositive. *See State v. Allen*, 102 N.C. App. 598, 608, 403 S.E.2d 907, 913-14, *rev'd on other grounds*, 332 N.C. 123, 418 S.E.2d 225 (1992). Those factors include: ownership of the property; occupancy of the property; repairs to the property; payment of taxes; payment of utility expenses; payment of repair expenses; and payment of rent. *See id.; see also Black's Law Dictionary* 953 (6th ed. 1990); *State v. Rich*, 87 N.C. App. 380, 384, 361 S.E.2d 321, 324 (1987).

In this case, the State's evidence[1] shows: Defendant was seen in and out of the dwelling 8-to-10 times over the course of 2-to-3 days; nobody else was seen entering the premises during this 2-to-3 day period of time; men's clothing was found in one closet in the dwelling; Branch testified he believed Defendant lived at 1108 Carolina Street, although he offered no basis for that opinion and had not checked to

---

1. As a general rule, it is only the State's evidence that is to be considered in ruling on a motion to dismiss. *State v. Oldham*, 224 N.C. 415, 30 S.E.2d 318 (1944). A defendant's evidence is "not to be taken into account, unless it tends to explain or make clear that offered by the State." *Id.* at 416, 30 S.E.2d at 319-20.

see who the dwelling was rented to or who paid the utilities and telephone bills. This evidence, considered in the light most favorable to the State, *State v. Davis*, 130 N.C. App. 675, 679, 505 S.E.2d 138, 141 (1998) (motion to dismiss requires evidence be considered in light most favorable to the State), does not constitute substantial evidence Defendant kept or maintained the dwelling at 1108 Carolina Street, *State v. Franklin*, 327 N.C. 162, 171, 393 S.E.2d 781, 787 (1990) (motion to dismiss should be denied if there is relevant evidence a reasonable juror might accept as adequate to support a conclusion the State has proven all elements of the crime). There is no evidence Defendant was the owner or the lessee of the dwelling, or that he had any responsibility for the payment of the utilities or the general upkeep of the dwelling. Testimony Defendant was present at the dwelling on several occasions and testimony he lived[2] "[a]t 1108 Carolina Street" cannot alone support a conclusion Defendant kept or maintained the dwelling. Although men's clothing was found in the dwelling, there is no evidence the clothes belonged to Defendant. Accordingly, Defendant's motion to dismiss the charge of maintaining a dwelling to keep or sell controlled substances should have been granted.

II

**[2]** Defendant was charged with possession with the intent to sell or deliver marijuana in violation of N.C. Gen. Stat. § 90-95(a)(1). Under this statute, the State has the burden of proving: (1) Defendant possessed the controlled substance, and (2) with the intent to sell or distribute it. *State v. Carr*, 122 N.C. App. 369, 372, 470 S.E.2d 70, 72-73 (1996).

Defendant contends the trial court erred in failing to dismiss this charge because there is no evidence he possessed the drugs found in the dwelling. We disagree.

Possession may be either actual or constructive. *State v. Broome*, 136 N.C. App. 82, 87, 523 S.E.2d 448, 452 (1999), *disc. review denied*, 351 N.C. 362, —— S.E.2d —— (2000). Actual possession requires a party to have physical or personal custody of the item. 28 C.J.S. *Drugs and Narcotics* § 170, at 773 (1996). Constructive possession,

---

2. Branch's testimony Defendant lived at the dwelling on Carolina Street was not supported by any evidence and thus is nothing more than a conclusion. This unsupported conclusion cannot be the basis for holding the State has presented substantial evidence of a violation of N.C. Gen. Stat. § 90-108(a)(7).

however, exists when a person, although not having actual possession of the controlled substance, has the intent and capability to maintain control and dominion over the controlled substance. *State v. Neal*, 109 N.C. App. 684, 686, 428 S.E.2d 287, 289 (1993). Constructive possession of drugs is most often shown by evidence the defendant has exclusive possession of the property in which the drugs are located. *State v. Alston*, 91 N.C. App. 707, 710, 373 S.E.2d 306, 309 (1988). It can also be shown with evidence the defendant has nonexclusive possession of the property where the drugs are located; provided, there is other incriminating evidence. *Id.* Possession of the property where the drugs are located, either exclusive or nonexclusive, is not, however, the sole method of showing constructive possession. Evidence the defendant was "within close juxtaposition to a narcotic drug," along with other incriminating evidence can constitute constructive possession. *State v. Weems*, 31 N.C. App. 569, 571, 230 S.E.2d 193, 194 (1976); *see State v. Harvey*, 281 N.C. 1, 12-13, 187 S.E.2d 706, 714 (1972) (defendant within three or four feet of drugs); *see also Neal*, 109 N.C. App. at 687-88, 428 S.E.2d at 290 (incriminating circumstance includes fleeing from the area where the illegal drugs are found). Furthermore, "routine access" by a defendant to property where drugs are located can support a conclusion the defendant has constructive possession of those drugs. *See State v. James*, 81 N.C. App. 91, 94, 344 S.E.2d 77, 80 (1986).

In this case, Defendant was found in the dwelling located at 1108 Carolina Street, he was seen there on several other occasions, he attempted to flee from the officers, 7.5 grams of marijuana were found on his person, and approximately 72.7 grams of marijuana were found in and about the house. This evidence is sufficient to support a conclusion Defendant had actual possession of some of the drugs and constructive possession of some of the drugs. *See State v. Bell*, 33 N.C. App. 607, 235 S.E.2d 886 (no limitation as to the amount of controlled substance which must be possessed in order to be found guilty of possession with intent to sell or deliver), *appeal dismissed*, 293 N.C. 254, 237 S.E.2d 536 (1977); *State v. Williams*, 307 N.C. 452, 456, 298 S.E.2d 372, 375 (1983) (evidence defendant was seen in the yard on at least four occasions within two weeks of the time of the search warrant is some evidence to raise a reasonable inference defendant was in constructive possession). Accordingly, Defendant's motion to dismiss the charge of possession with the intent to sell or deliver marijuana was properly denied.

## III

**[3]** Any person who has been convicted of three felony offenses "is declared to be an habitual felon." N.C.G.S. § 14-7.1 (1999). When a person is charged with the commission of a felony and "is also charged with being an habitual felon," he must, upon conviction, be sentenced as an habitual felon. N.C.G.S. § 14-7.2 (1999). The indictment charging a person as an habitual felon "shall be separate from the indictment charging him with the principal felony." N.C.G.S. § 14-7.3 (1999). A separate habitual felon indictment is not required for each principal felony. *State v. Patton*, 342 N.C. 633, 635, 466 S.E.2d 708, 709 (1996). Furthermore, there is no requirement the habitual felon indictment specifically refer to the principal felony. *Id.* at 636, 466 S.E.2d at 710.

In this case, Defendant was charged with three principal felonies and the habitual felon indictment specifically referenced only one of those felonies: felonious possession of marijuana. The trial judge dismissed the charge of felonious possession of marijuana and the merit of that dismissal has not been raised by the State. Defendant argues if the habitual felon indictment references a principal felony and that felony is subsequently dismissed, the habitual felon indictment fails and should not be submitted to the jury. We disagree.[3]

In order to be sufficient, a criminal indictment must allege all of the essential elements of the crime sought to be charged and any allegations beyond the essential elements of the crime sought to be charged are irrelevant and may be treated as mere surplusage. *State v. Westbrooks*, 345 N.C. 43, 57, 478 S.E.2d 483, 492 (1996). If an indictment contains surplus language, the surplusage may be ignored if its inclusion has not caused prejudice to the defendant. *State v. Sisk*, 123 N.C. App. 361, 366, 473 S.E.2d 348, 352 (1996), *aff'd in part and dismissed in part*, 345 N.C. 749, 483 S.E.2d 440 (1997). "What is important is the defendant's understanding of the charge against which he need[s] to defend." *State v. Cameron*, 83 N.C. App. 69, 73, 349 S.E.2d 327, 330 (1986).[4]

---

3. We reject Defendant's argument that this Court's opinion in *State v. Little*, 126 N.C. App. 262, 484 S.E.2d 835 (1997) controls. In *Little*, prior to sentencing, the State obtained a superseding habitual felon indictment which changed one of the three felony convictions included in the prior habitual felon indictment. *Id.* at 269, 484 S.E.2d at 839. In *Little*, the change in the felony convictions was a substantive change in the indictment and, thus, altered an element of the offense. *Id.* at 269, 484 S.E.2d at 840.

4. Defendant argues we should apply N.C. Gen. Stat. § 15A-923(e) providing "[a] bill of indictment may not be amended." N.C.G.S. § 15A-923(e) (1999). Amendment of

Although the principal felony referenced in Defendant's habitual felon indictment, felonious possession of marijuana, had been dis-missed, it is not an essential element of being an habitual felon and is treated as surplusage and ignored. *See Patton,* 342 N.C. at 636, 466 S.E.2d at 710. The essential purpose of an habitual felon indictment is to give a defendant notice he is being charged as an habitual felon so he may prepare a defense as to having a charge of the three listed felony convictions. *Id.* In the instant case, Defendant had notice of the habitual felon charge against him, including the three felony convictions listed in the indictment, and the State's intention to prosecute him as an habitual felon. Since Defendant had notice and understanding of the habitual felon indictment, he had the opportunity to present a defense and was, therefore, not prejudiced. Accordingly, the habitual felon indictment was properly submitted to the jury.

Maintaining a dwelling used to keep or sell a controlled sub-stance: Reversed.

Possession with intent to sell or deliver marijuana: No error.

Habitual felon: No error.

Judges EDMUNDS and SMITH concur.

---

an indictment has been defined as "any change . . . which would substantially alter the charge set forth in the indictment." *State v. Carrington,* 35 N.C. App. 53, 58, 240 S.E.2d 475, 478, *disc. review denied and dismissal allowed,* 294 N.C. 737, 244 S.E.2d 155 (1978). Because the principal felony listed in the indictment was surplusage, we do not address this issue.