STATE OF NORTH CAROLINA v. BROOKE KRAUS

No. COA01-116

(Filed 18 December 2001)

**1. Drugs— maintaining motel room to keep or sell controlled substances—sufficiency of evidence**

The trial court erred by denying defendant's motion to dismiss a charge of maintaining a motel room to keep or sell controlled substances where the State presented evidence of defendant's occupancy of the room, but did not present evidence that she bore the expense of the room or otherwise maintained it in any way, and defendant had occupied the room for less than twenty-four hours.

**2. Drugs— constructive possession—motel room**

There was sufficient evidence for a reasonable juror to conclude that defendant had the power and intent to exercise control over the marijuana and drug paraphernalia in a motel room where law enforcement officers found defendant and one other person in a room filled with marijuana smoke, defendant was stoned, a quantity of marijuana and drug paraphernalia were in plain view, defendant had spent the previous night in the motel room, and she had equal access to the room key.

Appeal by defendant from judgments entered 28 July and 1 August 2000 by Judge Zoro J. Guice, Jr., in Henderson County Superior Court. Heard in the Court of Appeals 28 November 2001.

*Attorney General Roy Cooper, by Assistant Attorney General Teresa L. White, for the State.*

*David W. Rogers for defendant appellant.*

TIMMONS-GOODSON, Judge.

Brooke Kraus ("defendant") appeals from judgments sentencing her for felonious possession of marijuana, possession of drug para-

phernalia, and felonious maintenance of a place for controlled substances. Although the judgments indicate that defendant pled guilty to these offenses, it is evident from the record that defendant in fact entered a plea of not guilty and was tried before a jury. At trial, the State presented the following evidence: Richard Sandborn, the general manager of a motel located in Flat Rock, North Carolina, requested assistance on 9 March 2000 from the Henderson County Sheriff's Department after detecting a strong and distinctive odor of marijuana emanating from Room 229 at the motel. When responding law enforcement officers arrived, they met with Chris Fain ("Fain"), who had rented Room 229, and obtained written consent for a search of the room. As the officers approached Room 229, they encountered a dense cloud of white marijuana smoke. The officers knocked on the door of Room 229 several times before defendant's friend and co-defendant, Leon Henderson ("Henderson"), opened the door. Upon entering the room, officers found defendant sitting in a chair next to the window. No other person was present in the smoky room. Like Henderson, defendant was "glassy-eyed[,]" "lethargic[,]" and appeared to be "stoned." Marijuana, marijuana seeds and stems, a box cutter, cigar wrappers, small plastic bags, and pill bottles littered a nearby table. The officers discovered a small bag containing eighty-five (85) grams of marijuana in a trash can and a quantity of crack cocaine and a room key in the drawer of a night stand. Officers also found a red duffle bag in the closet, the door to which was partially open. An identification tag on the bag listed Henderson's name as the owner. The duffle bag contained a set of digital scales, a small plastic bag containing 312 grams of marijuana, and a large "block" of marijuana weighing four pounds, eleven ounces.

Henderson testified that, on the evening of 8 March 2000, he and defendant were invited by Fain to a party in Room 229. Eight to ten people, many of whom were smoking marijuana, were in the room when Henderson and defendant arrived. Henderson admitted that he and defendant smoked marijuana, then spent the night in the room. Henderson denied any knowledge of the duffle bag's contents, stating that he had lent the bag to Fain. Henderson further denied knowledge of the cocaine, and testified that defendant was similarly ignorant of the drugs and drug paraphernalia found in the room. Defendant did not testify.

The jury found defendant guilty of felonious possession of marijuana, possession of drug paraphernalia, and felonious maintenance of a motel room used to keep controlled substances. The trial court

consolidated the offenses and sentenced defendant to a suspended term of six to eight months of imprisonment, with thirty-six (36) months of supervised probation. Defendant now appeals.

The issues are whether the State presented substantial evidence that defendant (1) maintained the motel room where the contraband was seized; (2) constructively possessed marijuana; and (3) constructively possessed drug paraphernalia. For the reasons set forth herein, we hold there was insufficient evidence that defendant maintained the motel room, and we therefore reverse the trial court in part. We further hold that there was sufficient evidence to support defendant's convictions concerning her constructive possession of the marijuana and the drug paraphernalia.

[1] Defendant argues there was insufficient evidence that she maintained the motel room where the contraband was found, and that the trial court thus erred in denying her motion to dismiss this charge. Defendant submits that the room was rented to Fain, and that the State presented no evidence that defendant kept or otherwise maintained the room. We agree with defendant and reverse the trial court on this charge.

Defendant was charged with knowingly and intentionally maintaining a motel room used for keeping or selling controlled substances under North Carolina General Statutes section 90-108(a)(7). This statute, in pertinent part, makes it unlawful for any person "[t]o knowingly keep or maintain any store, shop, warehouse, dwelling house, building, vehicle, boat, aircraft, or any place whatever, . . . which is used for the keeping or selling of [a controlled substance]." N.C. Gen. Stat. § 90-108(a)(7) (1999). "Maintain means to 'bear the expense of; carry on . . . hold or keep in an existing state or condition.' " *State v. Allen*, 102 N.C. App. 598, 608, 403 S.E.2d 907, 913 (1991) (quoting Black's Law Dictionary 859 (5th ed. 1979)), *reversed on other grounds*, 332 N.C. 123, 418 S.E.2d 225 (1992). In determining whether or not a person "keep[s] or maintain[s]" a place within the meaning of section 90-108(a)(7), this Court considers several factors, including "ownership of the property; occupancy of the property; repairs to the property; payment of taxes; payment of utility expenses; payment of repair expenses; and payment of rent." *State v. Bowens*, 140 N.C. App. 217, 221, 535 S.E.2d 870, 873 (2000), *disc. review denied,* 353 N.C. 383, 547 S.E.2d 417 (2001).

In the instant case, the State presented evidence supporting only one of the above-stated factors, namely, defendant's occupancy of the

motel room. The evidence tended to show that defendant had access to a key, spent the previous night in the motel room, and was present when law enforcement officials discovered the contraband. The State presented no evidence, however, that defendant "b[ore] the expense of" or otherwise maintained the motel room in any way. Defendant did not rent the room or otherwise finance its upkeep. Moreover, defendant had occupied the room for less than twenty-four hours when law enforcement arrived. Under these facts, the State failed to present sufficient evidence from which a reasonable jury could conclude that defendant maintained the motel room. *See State v. Hamilton*, 145 N.C. App. 152, 157-58, 549 S.E.2d 233, 234-35 (2001); *Bowens*, 140 N.C. App. at 222, 535 S.E.2d at 873 (both holding that the charge of maintaining a dwelling to keep or sell controlled substances should have been dismissed where there was no evidence that the defendant owned or leased the dwelling, or otherwise had any responsibility for the payment of utilities or general upkeep of the residence, although there was evidence in each case that the defendant resided at the dwelling). The trial court erred by denying defendant's motion to dismiss the charge of maintaining a motel room to keep or sell controlled substances.

[2] Defendant next argues that there was insufficient evidence that she constructively possessed the marijuana or the drug paraphernalia seized in Room 229. Defendant notes that no drugs or contraband were found on her person, and asserts that numerous persons spent time in Room 229 during the previous evening. Defendant further notes that the room was rented to Fain, and that the duffle bag belonged to Henderson. As such, defendant argues that there was no evidence that she possessed marijuana or drug paraphernalia. We disagree.

In ruling on a motion to dismiss, the trial court must determine whether there is substantial evidence of each element of the offense charged. *See State v. Bullard*, 312 N.C. 129, 160, 322 S.E.2d 370, 387 (1984). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Smith*, 300 N.C. 71, 78-79, 265 S.E.2d 164, 169 (1980). When reviewing the evidence, the trial court must consider even incompetent evidence in the light most favorable to the prosecution, granting the State the benefit of every reasonable inference. *See State v. Brown*, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984). Any contradictions or discrepancies in the evidence should be resolved by the jury. *See id.*

STATE v. KRAUS

[147 N.C. App. 766 (2001)]

"Constructive possession of contraband material exists when there is no actual personal dominion over the material, but there is an intent and capability to maintain control and dominion over it." *Id.* at 568, 313 S.E.2d at 588. Where sufficient incriminating circumstances exist, constructive possession of the contraband materials may be inferred even where possession of the premises is nonexclusive. *See id.* at 569, 313 S.E.2d at 588-89. Evidence placing the accused within close proximity to the contraband may support a jury's conclusion that the contraband was in the accused's possession, thereby justifying the denial of a motion to dismiss. *See State v. Harvey*, 281 N.C. 1, 12-13, 187 S.E.2d 706, 714 (1972).

In the instant case, defendant did not maintain exclusive possession of the premises. We must therefore determine whether sufficient incriminating circumstances exist to infer that defendant had the intent and capability to maintain control and dominion over the contraband. *See State v. Givens*, 95 N.C. App. 72, 78, 381 S.E.2d 869, 872 (1989).

The State's evidence indicated that law enforcement officers found defendant with one other person in a small motel room filled with marijuana smoke. Defendant was "stoned," and a quantity of marijuana and drug paraphernalia were in plain view. "A defendant's presence on the premises and close proximity to a controlled substance is a circumstance which may support an inference of constructive possession." *Id.* at 78, 381 S.E.2d at 872. Further, defendant had spent the previous night in the motel room and had equal access to the room key. *See Brown*, 310 N.C. at 569, 313 S.E.2d at 589 (holding that defendant's possession of a key to the apartment where contraband was found showed sufficient control over the premises for constructive possession).

Giving the State the benefit of all reasonable inferences that may be drawn from the circumstances, the evidence is sufficient for a reasonable juror to conclude that defendant had the power and intent to exercise control over the marijuana and drug paraphernalia. *See State v. Autry*, 101 N.C. App. 245, 252-53, 399 S.E.2d 357, 361-62 (1991) (upholding defendant's conviction for constructive possession of cocaine although defendant had no control of the premises and was found with two other persons standing near the cocaine); *Givens*, 95 N.C. App. at 78, 381 S.E.2d at 872-73 (holding that constructive possession was proper where defendant was arrested in the same room where police found cocaine in plain sight). We therefore overrule defendant's second and third assignments of error.

In conclusion, we hold that defendant's conviction for maintaining a motel room used to keep or sell a controlled substance must be reversed. We otherwise find.no error by the trial court.

Reversed and remanded in part.

Judges HUDSON and TYSON concur.