STATE OF NORTH CAROLINA
v.
BENNY LEON GHANEE.
No. COA07-1439
Court of Appeals of North Carolina
Filed July 15, 2008
This case not for publication
Attorney General Roy Cooper, by Assistant Attorney General Derrick C. Mertz, for the State.
Appellate Defender Staples Hughes, by Assistant Appellate Defender Emily H. Davis, for defendant.
MARTIN, Chief Judge.
On 26 May 2006, officers of the Winston-Salem Police Department executed a search warrant for 1395-F Chestnut Plains Court, searching for Shawn Lewis. Mr. Lewis was not found in the apartment. Officers decided to canvass the area to determine if Mr. Lewis had run into another apartment to hide. They knocked on the door for apartment 1395-E, the unit directly across from 1395-F. When defendant Benny Leon Ghanee answered the door, the officers told defendant they were looking for the occupant of apartment 1395-F. The officers asked defendant if they could enter apartment 1395-E to look for Mr. Lewis.
Defendant allowed the officers into the apartment and walked toward the rear of the apartment with the officers following behind. A woman was sitting on a couch in the living room and defendant's three-year-old daughter was lying on the bed in the back bedroom. As officers followed defendant, they observed one other "child's" bedroom and a bathroom. On the sink in the bathroom, the officers observed a plate containing an off-white, rocky substance which the officers believed to be crack cocaine. Based on that observation, the officers informed defendant they planned to search the apartment either by getting a warrant or with defendant's consent. Defendant chose to consent to the search. During the search, another man and defendant's girlfriend came to the apartment. Defendant's girlfriend also consented to the search of the premises.
In the course of the search, the officers seized a plate, digital scales, a burnt marijuana "blunt," marijuana, miscellaneous pills, currency, powder cocaine, crack cocaine, a cell phone, and three documents. Defendant was arrested and later indicted by the Forsyth County Grand Jury for the offenses of possession of drug paraphernalia, possession with intent to sell and deliver marijuana, possession with intent to sell and deliver cocaine, intentionally and knowingly maintaining a dwelling for the purpose of using, keeping, or selling controlled substances, and trafficking by possession of 28 grams or more but less than 200 grams of cocaine.
Defendant pled not guilty and was tried before a jury. At the close of the State's evidence, the trial court dismissed the charge of possession with intent to sell and deliver cocaine. The jury convicted defendant of the offenses of possession of drug paraphernalia, misdemeanor possession of marijuana, knowingly maintaining a dwelling for the purpose of using, keeping, or selling controlled substances, and trafficking by possession of 28 grams or more but less than 200 grams of cocaine. The trial court consolidated the offenses for sentencing and imposed a mandatory term of thirty-five to forty-two months imprisonment. Defendant appeals.
The sole issue raised by defendant on appeal is whether the trial court erred in denying his motion to dismiss the charge of maintaining a dwelling for the purpose of using, keeping, or selling controlled substances. He argues the State failed to present sufficient evidence to establish that he kept or maintained the apartment located at 1395-E Chestnut Plains Court. We agree.
To survive a motion to dismiss, the State must present substantial evidence of each essential element of the charged offense and that the defendant is the perpetrator. State v. Cross, 345 N.C. 713, 716-17, 483 S.E.2d 432, 434 (1997). "`Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion.'" Id. at 717, 483 S.E.2d at 434 (quoting State v. Olson, 330 N.C. 557, 564, 411 S.E.2d 592, 595 (1992)). In considering a motion to dismiss, "the trial court must analyze the evidence in the light most favorable to the State and give the State the benefit of every reasonable inference from the evidence." State v. Parker, 354 N.C. 268, 278, 553 S.E.2d 885, 894 (2001), cert. denied, 535 U.S. 1114, 153 L. Ed. 2d 162 (2002). "A case should be submitted to a jury if there is any evidence tending to prove the fact in issue or reasonably leading to the jury's conclusion as a fairly logical and legitimate deduction. This evidence must be more than that which merely raises a suspicion or conjecture." State v. Harris, 361 N.C. 400, 402-03, 646 S.E.2d 526, 528 (2007) (citations omitted).
The elements of maintaining a dwelling are that the defendant (1) knowingly or intentionally (2) kept or maintained (3) a dwelling house, building or other place (4) for the use, keeping, or selling of controlled substances. See N.C. Gen. Stat. § 90-108(a)(7) (2007); State v. Mitchell, 336 N.C. 22, 31, 442 S.E.2d 24, 28-29 (1994). In the instant case, defendant challenges only that he "kept or maintained" the apartment. Whether sufficient evidence has been presented with respect to the "kept or maintained" element depends on the totality of the circumstances, giving consideration to "several factors, none of which are dispositive." State v. Bowens, 140 N.C. App. 217, 221, 535 S.E.2d 870, 873 (2000), disc. rev. denied, 353 N.C. 383, 547 S.E.2d 417 (2001). These factors include: ownership of the property; occupancy of the property; possession over a duration of time; possession of a key; payment of repairs to the property; payment of taxes; payment of utility expenses; and payment of rent. Id.; State v. Frazier, 142 N.C. App. 361, 542 S.E.2d 682 (2001). The evidence is sufficient when it shows more than "temporary occupancy." State v. Baldwin, 161 N.C. App. 382, 393, 588 S.E.2d 497, 506 (2003). Here, defendant answered the door to the apartment and signed a written consent form granting the officers permission to search the apartment. Men's clothing and three documents were found in the apartment: (1) defendant's cell phone bill; (2) a Duke Power payment receipt; and (3) a Duke Power bill. Of these three documents, only the Duke Power bill was addressed to defendant at apartment 1395-E Chestnut Plains Court, although it also listed 970 Third Street, Northeast Boulevard, Apartment D for defendant. There is no evidence in the record before this Court as to whether the Duke Power bill was for utility service at 1395-E Chestnut Plains Court, or for service at 970 Third Street. Defendant's cell phone bill, dated two months prior to the search, was addressed to defendant at the 970 Third Street address. The State also presented testimony that there was an "elaborate computer CD system" located in the far right corner of the master bedroom. Defendant acknowledged the computer equipment was his and that he used it to copy compact discs. No evidence was presented to establish the ownership of the clothing found in the bedroom.
Viewed in the light most favorable to the State, this evidence is insufficient to establish that defendant kept or maintained the apartment at 1395-E Chestnut Plains Court. There is no evidence defendant was the owner or lessee of the apartment, that defendant paid any utility, repair or rental expenses for the apartment, or that defendant even possessed a key to the apartment. There is no evidence of the length of the duration of defendant's occupancy of the apartment. Cf. Baldwin, 161 N.C. App. at 393, 588 S.E.2d at 506 (holding evidence sufficient to establish more than temporary occupancy where "the defendant received mail at the address for approximately one year, his driver's license showed the address as his home address, and his car was registered at the address"). Defendant's mere occupancy in the apartment and the presence of some of his personal property inside the apartment is insufficient to establish that defendant kept or maintained the apartment for the use, keeping, or selling of controlled substances. See State v. Harris, 157 N.C. App. 647, 652, 580 S.E.2d 63, 66-67 (2003) (holding the State's evidence was insufficient to show the defendant kept or maintained an apartment where there was no evidence linking defendant to the house apart from personal property of defendant found in the bedroom and that the defendant was seen at the house several times over a period of two months); see also State v. Kraus, 147 N.C. App. 766, 769, 557 S.E.2d 144, 147 (2001) (holding defendant's occupancy of a motel room was insufficient evidence to show defendant "maintained" the room when the State offered no evidence that defendant bore the expense of the room); State v. Hamilton, 145 N.C. App. 152, 157-58, 549 S.E.2d 233, 236 (2001) (concluding the evidence was insufficient when the State showed only that defendant was often at the apartment leased by his girlfriend); Bowens, 140 N.C. App. at 222, 535 S.E.2d at 873 (concluding the evidence was insufficient where "there [was] no evidence [d]efendant was the owner or the lessee of the dwelling, or that he had any responsibility for the payment of the utilities or the general upkeep of the dwelling"). Accordingly, the trial court erred in denying defendant's motion to dismiss the charge of knowingly maintaining a dwelling for the purpose of using, keeping, or selling controlled substances. Since defendant was returned to the mandatory minimum sentence required upon his conviction of trafficking by possession of more than 28 grams but less than 200 grams of cocaine, no re-sentencing is required. N.C. Gen. Stat. § 90-95(h)(3) (2007).
Reversed in part, no error in part.
Judges CALABRIA and STROUD concur.
Report per Rule 30(e).