STATE OF NORTH CAROLINA v. DELAUNO MONTREZ COREY

No. COA04-736

(Filed 20 September 2005)

**Sentencing— aggravating factors—*Blakely* error**

The trial court erred in an armed robbery case by sentencing defendant in the aggravated range based on its finding of aggravating factors that were not submitted to the jury, and the case is remanded for resentencing even though the State contends defendant stipulated to the factual basis for the plea and thus stipulated to the aggravating factors, because: (1) a stipulation to the factual basis for a guilty plea is not a stipulation to an aggravating factor; and (2) there is no admission by a defendant of an aggravating factor unless the defendant stipulates to the aggravating factor itself.

Appeal by defendant from judgment entered 11 December 2001 by Judge Carl L. Tilghman in Martin County Superior Court. Heard in the Court of Appeals 27 January 2005.

*Attorney General Roy Cooper, by Assistant Attorney General Kathryn J. Thomas, for the State.*

*Geoffrey W. Hosford for defendant-appellant.*

ELMORE, Judge.

Delauno Montrez Corey (defendant) was indicted for the armed robbery of the Handy Mart convenience store which occurred on 7 February 2001. Pursuant to a plea agreement with the State, defendant pled guilty to one count of armed robbery in the instant case and one count of common law robbery in an unrelated case. The State agreed to dismiss a separate charge of escape, and defendant agreed

to testify against his co-defendants in the case. On 10 December 2001 Judge Carl Tilghman presided over defendant's sentencing hearing. Defendant stipulated to the factual basis for the offenses charged. The court entered findings of four aggravating factors: (1) defendant induced others to participate in the offense; (2) defendant joined with more than one person in committing the offense and was not charged with conspiracy; (3) defendant involved a person under the age of 16 in the commission of the offense; and (4) the offense was committed while defendant was on escape of custody for an armed robbery. The court found that the aggravating factors outweighed any mitigating factors and sentenced defendant in the aggravated range to a minimum term of 120 months and maximum term of 153 months imprisonment.

On 26 February 2003 defendant filed a "Petition for Writ of Certiorari" seeking review of the judgment entered 11 December 2001. This Court allowed the petition in an order entered 26 March 2003. Defendant's sole argument on appeal concerns the trial court's findings of the aggravating factors and consequent imposition of an aggravated range sentence.

In *State v. Allen*, 359 N.C. 425, 438-39, 615 S.E.2d 256, 265 (2005), our Supreme Court applied *Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403 (2004), to the North Carolina Structured Sentencing Act and held that the provisions of N.C. Gen. Stat. § 15A-1340.16 which require a trial judge to make findings of aggravating factors neither stipulated to by the defendant nor found by a jury are unconstitutional. The Court explained that, consistent with a defendant's Sixth Amendment right to jury trial, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed presumptive range must be submitted to a jury and proved beyond a reasonable doubt." *Allen*, 359 N.C. at 437, 615 S.E.2d at 265. The Court held that where aggravating factors are not submitted for jury consideration, such error is structural and therefore reversible *per se. Id.* at 449, 615 S.E.2d at 272.

The State attempts to uphold the sentence by arguing that defendant stipulated to the factual basis for the plea and thus stipulated to the aggravating factors. But a stipulation to the factual basis for a guilty plea is not a stipulation to an aggravating factor. Our Supreme Court in *Allen* stated that "under *Blakely* the judge may still sentence a defendant in the aggravated range based upon the defendant's admission to an *aggravating factor* enumerated in

N.C.G.S. § 15A-1340.16(d)." *Id.* at 439, 615 S.E.2d at 265 (emphasis added). Thus, there is no admission by a defendant of an aggravating factor unless the defendant stipulates to the aggravating factor itself. As defendant was sentenced beyond the prescribed presumptive range based upon factors neither stipulated to by defendant nor found by a jury beyond a reasonable doubt, defendant is entitled to a new sentencing hearing.

Remanded for resentencing.

Judges HUNTER and BRYANT concur.