STATE OF NORTH CAROLINA v. JOSEPH CHARLES PENDLETON, Defendant

No. COA05-307

(Filed 20 December 2005)

**1. Appeal and Error— preservation of issues—constitutional error—assignment of error**

Defendant's failure to refer in his assignment of error to any constitutional error in the denial of a continuance waived appellate review of any constitutional issue.

**2. Criminal Law— DSS not a prosecutorial agency—continuance and review of notes—denied**

The Department of Social Services was not a prosecutorial agency in the circumstances of this prosecution for statutory rape and other charges. The Department was thus not required to turn over its notes to defendant pursuant to N.C.G.S. § 15A-903(a)(1), and the court did not abuse its discretion by denying defendant a continuance to review the notes and interview witnesses.

**3. Evidence— description of sexually explicit photos—similar previous testimony**

The trial court did not abuse its discretion by allowing a victim of statutory rape and other crimes to describe explicit photos of her mother and defendant. This testimony did not differ significantly from her previous testimony.

**4. Criminal Law— flight—instruction—evidence of avoidance of apprehension—prejudice not shown**

Defendant did not show prejudicial error from an instruction on flight where he missed two appointments with a detective, fled the area, and presented false identification when pulled over in South Carolina, and where he merely made the conclusory statement on appeal that the instruction was prejudicial.

Appeal by defendant from judgments entered 17 December 2004 by Judge Lindsay R. Davis, Jr., in Guilford County Superior Court. Heard in the Court of Appeals 19 October 2005.

STATE v. PENDLETON

[175 N.C. App. 230 (2005)]

*Attorney General Roy Cooper, by Assistant Attorney General J. Philip Allen, for the State.*

*James M. Bell, for defendant-appellant.*

HUDSON, Judge.

At the 14 December 2004 criminal session of the superior court in Guilford County, defendant Joseph Charles Pendleton was tried on multiple charges of statutory rape, statutory sex offenses and taking indecent liberties with a child. The court dismissed the charges related to offenses occurring before 31 January 2003 (03 CRS 106725-29). The jury found defendant guilty of all offenses occurring after 31 January 2003 (03 CRS 106730-35). Defendant appeals. As discussed below, we find no error.

The evidence tended to show the following: Defendant met Johnette Jones through the Internet in fall 2000 and the two soon began dating. Jones lived with her twelve-year-old daughter, C., and four-year-old son. C. testified that on 18 December 2001, defendant came to her home while her mother and brother were at church and performed oral sex on her. After her mother returned home, defendant had sex with both C. and her mother, and C. took sexually explicit photos of her mother and defendant. C. testified that defendant continued to have sex with her until June or July 2003.

Child Protective Services investigator Maria Geer and police Detective Carlene Dix interviewed C. about the incidents involving defendant. Detective Dix obtained warrants for defendant's arrest on 8 December 2003, charging him with various sex offenses. Detective Dix contacted defendant several times by telephone that month. On 2 February 2004, defendant was arrested on a fugitive warrant in Rock Hill, S.C. following a routine traffic stop during which he produced a boat license bearing someone else's name.

[1] Defendant first argues that the court erred by denying his motion to continue after the State produced discovery notes on the morning of trial. We disagree.

"The appellate standard of review of the denial of a motion to continue is abuse of discretion, unless the denial raises a constitutional issue." *State v. Barkley,* 144 N.C. App. 514, 523, 551 S.E.2d 131, 137 (2001), *disc. appeal dismissed,* 354 N.C. 221, 554 S.E.2d 646 (2001). Although defendant argues in his brief that the court's denial implicated his constitutional rights, his assignment of error does not

refer to any constitutional errors. Defendant has thus waived our consideration of any constitutional error here.

[2] Defendant contends that the notes, which originated from the county Department of Social Services ("DSS"), contained names of possible witnesses, and he moved to continue in order to interview them. The court ruled that DSS was not required to turn over the notes to defendant because DSS was not a prosecutorial agency pursuant to N.C. Gen. Stat. § 15A-903(a)(1), and thus denied the motion to continue. The statute provides, in pertinent part, that the State:

> Make available to the defendant the complete files of all law enforcement and prosecutorial agencies involved in the investigation of the crimes committed or the prosecution of the defendant.

N.C. Gen. Stat. § 15A-903 (2003). Defendant contends that DSS is a prosecutorial agency pursuant to the statute, and that the court was required to continue the trial to allow him additional investigatory time. Defendant cites no case in this State in which DSS has been determined to be a prosecutorial agency under N.C. Gen. Stat. § 15A-903 or even interpreting the phrase "prosecutorial agency," and we have found none. The record reveals that the notes in question were not part of the prosecution file, and there is no suggestion that DSS acted in the capacity of a prosecutorial agency. DSS referred the matter to the police, who developed their own evidence by interviewing C. Although a DSS employee sat in on the interview, we do not believe that this transformed DSS into a prosecutorial agency in this case. Under these circumstances, the court did not abuse its discretion in denying defendant's motion to continue.

[3] Defendant next argues that the court abused its discretion by allowing C. to describe the explicit photos showing her mother and defendant. We disagree.

Defendant contends that the court abused its discretion by failing to exclude C.'s testimony pursuant to N.C. R. Evid. 403. N.C. Gen. Stat. § 8C-1, Rule 403 (2003).

> Exclusion of evidence on the basis of Rule 403 is within the sound discretion of the trial court, and abuse of that discretion will be found on appeal only if the ruling is 'manifestly unsupported by reason or is so arbitrary it could not have been the result of a reasoned decision.

*State v. White*, 349 N.C. 535, 552, 508 S.E.2d 253, 264 (1998) (internal citation omitted), *cert. denied*, 527 U.S. 1026, 144 L. Ed. 2d 779 (1999).

Here, the court refused to allow the photographs themselves to be admitted, but allowed C. to describe what they showed. This testimony, describing her mother and defendant having sex, was not significantly different than C.'s previous testimony about the sexual relationship between her mother and defendant. We cannot say that the court abused its discretion by allowing C. to testify similarly about the photographs.

**[4]** Defendant also argues that the court erred in giving the jury an instruction on flight to avoid prosecution. We disagree.

Defendant contends that the evidence did not support the instruction on flight to the jury. Following her interview with defendant, Detective Dix obtained warrants for his arrest. Defendant asserts that because Detective Dix did not phone defendant to tell him about the warrants, defendant did not know about the warrants and had no reason to flee. When defendant was pulled over in South Carolina, he pulled over without incident and offered no resistance.

"Mere evidence that defendant left the scene of the crime is not enough to support an instruction on flight. There must also be some evidence that defendant took steps to avoid apprehension." *State v. Thompson*, 328 N.C. 477, 490, 402 S.E.2d 386, 392 (1991). "So long as there is some evidence in the record reasonably supporting the theory that defendant fled after commission of the crime charged, the instruction is properly given. The fact that there may be other reasonable explanations for defendant's conduct does not render the instruction improper." *State v. Irick*, 291 N.C. 480, 494, 231 S.E.2d 833, 842 (1977).

Here, defendant failed to keep two appointments with Detective Dix, left the Greensboro area, and then presented false identification when he was pulled over in South Carolina. This evidence indicates that defendant took steps to avoid apprehension and thus supports the instruction on flight. In addition, defendant fails to explain how this instruction was prejudicial to him, instead merely making the conclusory statement that "the court's instruction to the jury on the issue of flight was prejudicial." Defendant has failed to show prejudicial error by the court.

No error.

Judges BRYANT and CALABRIA concur.