STATE OF NORTH CAROLINA v. KENNETH LACEY, DEFENDANT

No. COA05-238

(Filed 3 January 2006)

**1. Evidence— findings of fact—conflicting but competent evidence—credibility**

The trial court did not err in an assault with a deadly weapon inflicting serious injury, second-degree kidnapping, and double first-degree burglary case by concluding there was sufficient evidence supporting findings of fact eight and nine regarding whether defendant's counsel was present at the 3 January 2003 interview in which defendant confessed to the Wilson County crimes, because: (1) although there is conflicting evidence, there is competent evidence to support the trial court's findings that there was only one interview on 3 January 2003 at which defendant confessed to the crimes even though defendant and his counsel both testified there were two interviews and that defendant confessed to the crimes at the second interview; and (2) it is the function of the trial court to weigh the credibility of witnesses.

**2. Witnesses— necessary or essential—no showing of abuse of discretion**

The trial court did not err in an assault with a deadly weapon inflicting serious injury, second-degree kidnapping, and double first-degree burglary case by concluding as a matter of law that an assistant United States attorney was not an essential or necessary witness, because: (1) defendant did not assign as error any of the findings of fact that support this conclusion of law, and therefore, the findings of fact are binding on appeal; and (2) there was no showing of an abuse of discretion.

**3. Confessions and Incriminating Statements— voluntariness—not a part of trickery or deception.**

The trial court did not err in an assault with a deadly weapon inflicting serious injury, second-degree kidnapping, and double first-degree burglary case by concluding as a matter of law that defendant's statements were freely and voluntarily made and were not a part of any trickery or deception, because: (1) the trial court found as a finding of fact, which defendant did not assign as error and is thus binding on appeal, that defendant agreed to and in fact solicited participation in a debriefing to disclose informa-

**STATE v. LACEY**

[175 N.C. App. 370 (2006)]

tion related to the indictment or other crimes as part of a plea agreement; (2) defendant readily and willingly participated in the debriefing, and no questions were asked of defendant and defendant was not otherwise prompted regarding any of the information pertaining to defendant's involvement in these crimes; and (3) defendant had previously read and signed the plea agreement and had gone over the terms of the agreement with his attorney who was also present at the debriefing.

**4. Confessions and Incriminating Statements— statements to county officer—no violation of federal plea agreement**

The trial court did not err in an assault with a deadly weapon inflicting serious injury, second-degree kidnapping, and double first-degree burglary case by concluding as a matter of law that use of defendant's statements to a county officer did not violate his plea agreement with the federal government, because: (1) the plea agreement provided that the United States District Court for the Eastern District of North Carolina would not prosecute defendant for any crimes he confessed to except for crimes of violence, and a Beaufort County police officer's subsequent statement giving a specific example of a crime of violence, i.e. murder, did not modify defendant's plea agreement; (2) defendant knew the contents of the plea agreement, had counsel present, and knew the police officer was not a party to the agreement; and (3) as the officer's statement did not modify the plea agreement, the federal government did not breach the plea agreement by informing Wilson County authorities of defendant's confession to a home invasion which was a crime of violence.

**5. Sentencing— aggravated range—*Blakely* error**

The trial court violated defendant's Sixth Amendment right to a jury trial in an assault with a deadly weapon inflicting serious injury, second-degree kidnapping, and double first-degree burglary case by sentencing defendant in the aggravated range without submitting the aggravating factors to the jury, and the case is remanded for resentencing, because: (1) the facts of the aggravating factors were neither presented to the jury nor proved beyond a reasonable doubt; and (2) defendant did not stipulate to any aggravating factor.

Appeal by Defendant from judgment entered 17 May 2004 by Judge Jerry R. Tillett in Superior Court, Wilson County. Heard in the Court of Appeals 29 November 2005.

*Attorney General Roy Cooper, by Assistant Attorney General William B. Crumpler, for the State.*

*McCotter, Ashton & Smith, P.A., by Terri W. Sharp and Rudolph A. Ashton, III, for defendant-appellant.*

WYNN, Judge.

In analyzing plea agreements, "contract principles will be 'wholly dispositive' because 'neither side should be able . . . unilaterally to renege or seek modification simply because of uninduced mistake or change of mind.' " *United States v. Wood*, 378 F.3d 342, 348 (4th Cir. 2004) (citations omitted). Defendant contends that an interviewing police officer's statements modified his written plea agreement. As Defendant knew the contents of the plea agreement, had counsel present, and knew the police officer was not a party to the agreement, we affirm the trial court's denial of Defendant's motion to suppress his pretrial statements made to the police officer.

However, we must remand this case for resentencing pursuant to *State v. Allen*, 359 N.C. 425, 615 S.E.2d 256 (2005) and *State v. Speight*, 359 N.C. 602, 614 S.E.2d 262 (2005).

On 25 September 2002, Defendant Kenneth Lacy[1] entered into a plea agreement with Assistant United States Attorney Winnie Jordan Reaves. On 30 September 2002, Defendant pled guilty in United States District Court for the Eastern District of North Carolina to possession with intent to distribute at least five grams of crack cocaine.

In exchange for his truthful cooperation, the plea agreement provided certain protections for Defendant under the following pertinent provisions:

2.i. To testify, whenever called upon to do so by the Government, fully and truthfully in any proceeding, and to disclose fully and truthfully in interviews with Government agents, information concerning all conduct related to the Indictment and any other crimes of which the Defendant has knowledge. These obligations are continuing ones. The Defendant agrees that all of these statements can be used against the Defendant at trial if the Defendant withdraws from the plea agreement or if he is allowed to withdraw the guilty plea.

***

---

1. The spelling of Defendant's name on the judgment is listed as Kenneth Lacey, however, all other documents refer to the spelling of his name as Kenneth Lacy.

4.d. That the USA-EDNC will not further prosecute the Defendant for conduct constituting the basis for the Criminal Indictment; however, this obligation is limited solely to the USA-EDNC and does not bind any other state or federal prosecuting entities.

\*\*\*

4.g. That the USA-EDNC agrees not to use any information provided by the Defendant pursuant to this Agreement to prosecute the Defendant for additional offenses, except crimes of violence.

4.h. That the USA-EDNC agrees not to share any information provided by the Defendant pursuant to this Agreement with other state or federal prosecuting entities except upon their agreement to be bound by the terms of this Agreement.

Under the plea agreement, on 3 January 2003, Lieutenant Timothy McLawhorn with the Beaufort County Sheriff's Office interviewed Defendant. In the Order denying suppression of Defendant's statement, the trial court found that Investigator Russell Davenport and Robert McAfee (Defendant's federal counsel) were also present at the debriefing.

Lieutenant McLawhorn testified at the suppression hearing that at the beginning of the interview he told Defendant, "as long as you haven't committed any murders, you know, things like that he didn't have anything to worry about." Lieutenant McLawhorn had not read Defendant's plea agreement with the federal government. Defendant testified that Lieutenant McLawhorn told him at the beginning of the interview, "and I want you to know whatever you say won't be used against you, unless it's a murder. Someone will have to answer to that."

Lieutenant McLawhorn prepared a written summary of the interview from his notes. This summary included Defendant's confession to the crimes in the instant case, a home invasion in Wilson, North Carolina. Thereafter, Lieutenant McLawhorn contacted detectives in the Wilson County Sheriff's Office and forwarded them a copy of his written summary, including Defendant's confession to the home invasion in Wilson County.

On 7 July 2003, Defendant was indicted in Superior Court, Wilson County, for two counts of assault with a deadly weapon with intent to kill inflicting serious injury, first-degree burglary, first-degree kidnap-

**STATE v. LACEY**

[175 N.C. App. 370 (2006)]

ping, and attempted robbery with a dangerous weapon. Defendant filed a motion to suppress his statements to members of the Beaufort County Sheriff Department made under the plea agreement with the federal government. The trial court held a hearing on the motion to suppress.

Defendant served a subpoena on 16 March 2004, on Assistant United States Attorney Winnie Reaves ordering attendance and testimony in a state court criminal proceeding. The United States of America submitted a motion to quash the subpoena in United States District Court for the Western District of North Carolina. On 19 March 2004, United States Magistrate Judge James C. Dever, III granted the motion by the United States and quashed the subpoena based on the doctrine of sovereign immunity. The order was affirmed by Chief United States District Judge Terrence W. Boyle by order entered 26 April 2004.

At the suppression hearing, Defendant's federal counsel, Mr. McAfee, testified that Defendant did not discuss the Wilson home invasion crimes in his presence during the interview with Lieutenant McLawhorn. Mr. McAfee believed that Lieutenant McLawhorn's summary was a combination of two separate interviews, only one of which he was present. But Lieutenant McLawhorn testified that he only interviewed Defendant once and the written summary was prepared from one interview. Defendant testified that there was two interviews, and the home invasion was discussed in the second interview at which Laura Miller was also present.

The trial court found that there had been only one interview and made the following pertinent findings of fact regarding Mr. McAfee's testimony:

29. Attorney McAfee testified that the defendant had told him prior to the debriefing that he had in fact been involved in these cases occuring in Wilson County, and that McAfee knew the type of crimes involved would be 'crimes of violence' within the meaning of that term of the plea agreement.

30. Mr. McAfee testifed that he recalls Officer McLawhorn making what he characterized as an "offhand statement" to the effect that the defendant was protected under his plea agreement for what was said in the debriefing and that they would not be concerned about things defendant said unless it was a murder. If so, there would be a problem.

31. Attorney McAfee testified that he did not consider this comment an intent to change or modify the original plea agreement; he was not advised of any authority to do so, and he made no attempt to stop the debriefing, either at that point or later when the defendant confessed to the crimes charged in this case.

Thus, the trial court denied Defendant's motion to suppress his statements. Reserving his right to appeal from the denial of his motion to suppress, Defendant pled guilty to assault with a deadly weapon inflicting serious injury, second-degree kidnapping, and two counts of first-degree burglary.

Following a sentencing hearing, the trial court found the following as aggravating factors: (1) "The Defendant induced others to participate in the commission of the offense[;]" (2) "The defendant joined with more than one other person in committing the offense and was not charged with committing a conspiracy[;]" (3) "The defendant was armed with a deadly weapon at the time of the crime[;]" (4) "The defendant committed the offense while on pretrial release on another charge." The trial court noted that "each factor in aggravation outweighs all mitigation and is alone a sufficient basis for the sentence from within the aggravated range." Accordingly, the trial court sentenced Defendant in the aggravated range to 146 to 185 months imprisonment for the first-degree burglary charge, fifty-seven to seventy-eight months imprisonment for the second-degree kidnapping charge, fifty-eight to seventy-nine months and fifty-seven to seventy-eight months for the to assault with a deadly weapon charges.

On appeal, Defendant argues that the trial court erred in (1) denying his motion to suppress his statements, and (2) sentencing him in the aggravated range.

"The standard of review in evaluating a trial court's ruling on a motion to suppress is that the trial court's findings of fact 'are conclusive on appeal if supported by competent evidence, even if the evidence is conflicting.' " *State v. Smith*, 160 N.C. App. 107, 114, 584 S.E.2d 830, 835 (2003) (citation omitted). If the trial court's conclusions of law are supported by its factual findings, we will not disturb those conclusions on appeal. *State v. Logner*, 148 N.C. App. 135, 138, 557 S.E.2d 191, 193-94 (2001).

[1] Defendant contends that there was insufficient evidence to support findings of fact eight and nine insofar as the trial court found that

Mr. McAfee was present at the 3 January 2003 interview in which Defendant confessed to the Wilson County crimes.

A review of the record shows that, although there is conflicting evidence, there is competent evidence to support the trial court's findings of fact that there was only one interview, on 3 January 2003, at which Defendant confessed to the Wilson County crimes. *See Smith*, 160 N.C. App. at 114, 584 S.E.2d at 835. Lieutenant McLawhorn testified that he only interviewed Defendant once, on 3 January 2003, and he prepared a written summary, that included Defendant's confession, from one interview. Investigator Davenport also testified he and Lieutenant McLawhorn only interviewed Defendant once. Although Defendant and Mr. McAfee both testified that there were two interviews, and that Defendant confessed to the Wilson County crimes at the second interview, it is not the job of this Court to reweigh the credibility of witnesses, that is a function of the trial court. *State v. Buckom*, 126 N.C. App. 368, 375, 485 S.E.2d 319, 323 (1997). As there is competent evidence to support the trial court's findings of fact, they are binding on appeal. *Smith*, 160 N.C. App. at 114, 584 S.E.2d at 835.

[2] Defendant next contends that the trial court erred in concluding as a matter of law that Assistant United States Attorney Reaves was not an essential or necessary witness. But Defendant did not assign as error any of the findings of fact that support this conclusion of law, therefore, the findings of fact are binding on appeal. *Inspirational Network, Inc. v. Combs*, 131 N.C. App. 231, 235, 506 S.E.2d 754, 758 (1998) (where an appellant fails to assign error to the trial court's findings of fact, the findings are "presumed to be correct"). Rulings on whether a witness is a necessary or an essential witness will not be disturbed absent a showing of an abuse of discretion by the trial court. *See State v. Swann*, 322 N.C. 666, 676-77, 370 S.E.2d 533, 539 (1988) (a request for a continuance based on the absence of a witness is addressed to the sound discretion of the trial court). We find no abuse of discretion by the trial court.

[3] Next, Defendant contends that the trial court erred in concluding as a matter of law that Defendant's statements were freely and voluntarily made and were not a part of any trickery or deception. We disagree.

"[C]onvictions following the admission into evidence of confessions which are involuntary, i. e., the product of coercion, either phys-

ical or psychological, cannot stand." *Rogers v. Richmond*, 365 U.S. 534, 540, 5 L. Ed. 2d 760, 766 (1961). The State must affirmatively show that a defendant was fully informed of his rights and voluntarily waived them. *State v. Johnson*, 304 N.C. 680, 683, 285 S.E.2d 792, 795 (1982).

The trial court found as a finding of fact, which Defendant did not assign error to and is binding on appeal, that "[a]s part of the plea arrangement, the defendant agreed to, and in fact solicited participation in a debriefing to disclose information related to the indictment or other crimes[.]" Further, the trial court found that "Defendant readily and willingly participated in the debriefing. No questions were asked of the defendant or otherwise was the defendant prompted regarding any of the information pertaining to the defendant's involvement in these crimes." Moreover, Defendant had previously read and signed the plea agreement and gone over the terms of the agreement with his attorney. His attorney was also present at the debriefing. Accordingly, the trial court did not err in concluding that Defendant's statements were freely and voluntarily given.

**[4]** Next, Defendant contends that the trial court erred in concluding as a matter of law that use of Defendant's statements did not violate his plea agreement with the federal government. Defendant argues that Lieutenant McLawhorn's statement to Defendant that he was immune from prosecution for any crimes he confessed to "as long as you haven't committed any murders, you know, things like that[,]" modified the plea agreement. We disagree.

In analyzing plea agreements, "contract principles will be 'wholly dispositive' because 'neither side should be able, any more than would be private contracting parties, unilaterally to renege or seek modification simply because of uninduced mistake or change of mind.' " *Wood*, 378 F.3d at 348 (citations omitted). "A plea agreement, however, is not simply a contract between two parties. It necessarily implicates the integrity of the criminal justice system and requires the courts to exercise judicial authority in considering the plea agreement and in accepting or rejecting the plea." *Id.* (quoting *United States v. McGovern*, 822 F.2d 739, 743 (8th Cir. 1987), *cert. denied*, 484 U.S. 956, 98 L. Ed. 2d 377 (1987)). Consequently, we hold "the Government to a greater degree of responsibility than the defendant (or possibly than would be either of the parties to commercial contracts) for imprecisions or ambiguities in plea agreements." *United States v. Harvey*, 791 F.2d 294, 300 (4th Cir. 1986).

Defendant signed a written plea agreement with the Assistant United States Attorney Reaves. This agreement was accepted by the United States District Court for the Eastern District of North Carolina. Section 4.g of the plea agreement provides that the United States District Court for the Eastern District of North Carolina will not prosecute Defendant for any crimes he confessed to *except for crimes of violence*. Lieutenant McLawhorn's subsequent statement giving a specific example of a crime of violence, i.e. murder, did not modify Defendant's plea agreement. *See Wood*, 378 F.3d at 348. Defendant knew the terms of his written plea agreement and had counsel present during the interview. Moreover, Defendant knew his plea agreement was with the United States District Court for the Eastern District of North Carolina, for which Assistant United States Attorney Reaves was the representative. Lieutenant McLawhorn with the Beaufort County Sheriff's office had neither actual or apparent authority to modify the terms of the plea agreement. *See State v. Sturgill*, 121 N.C. App. 629, 638, 469 S.E.2d 557, 563 (1996).

As Lieutenant McLawhorn's statement did not modify the plea agreement, the federal government did not breach the plea agreement by informing Wilson County authorities of Defendant's confession to the home invasion. Sections 4.g and 4.h allowed the federal government to share with the State information Defendant gave them regarding crimes of violence, which includes a home invasion resulting in injury to the victims. Accordingly, the trial court did not err in concluding that the plea agreement was not breached by the federal government.

**[5]** Finally, Defendant contends that the trial court erred in sentencing him within the aggravated range in violation of his Sixth Amendment right to a jury trial. *See Blakely v. Washington*, 542 U.S. 296, 159 L. Ed. 2d 403 (2004).

Recently, our Supreme Court recognized that under the *Blakely* holding, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed presumptive range must be submitted to a jury and proved beyond a reasonable doubt." *Allen*, 359 N.C. at 437, 615 S.E.2d at 265; *see Speight*, 359 N.C. at 606, 614 S.E.2d at 264. The Court therefore held that "those portions of N.C.G.S. § 15A-1340.16 (a), (b), and (c) which require trial judges to consider evidence of aggravating factors not found by a jury or admitted by the defendant and which permit imposition of an aggravated sentence upon judicial findings of such aggravating fac-

tors by a preponderance of the evidence violate the Sixth Amendment to the United States Constitution." *Allen*, 359 N.C. at 438-39, 615 S.E.2d at 265. Accordingly, our Supreme Court concluded that "*Blakely* errors arising under North Carolina's Structured Sentencing Act are structural and, therefore, reversible *per se*." *Id.* at 444, 615 S.E.2d at 269.

In this case, the trial court found the following as aggravating factors: (1) "The Defendant induced others to participate in the commission of the offense[;]" (2) "The defendant joined with more than one other person in committing the offense and was not charged with committing a conspiracy[;]" (3) "The defendant was armed with a deadly weapon at the time of the crime[;]" (4) "The defendant committed the offense while on pretrial release on another charge." It is undisputed that the facts for these aggravating factors were neither presented to a jury nor proved beyond a reasonable doubt. Nor did Defendant plainly stipulate to any aggravating factor. *Id.* at 439, 615 S.E.2d at 265 ("[U]nder *Blakely* the judge may still sentence a defendant in the aggravated range based upon the defendant's admission to *an aggravating factor* enumerated in N.C.G.S. § 15A-1340.16(d)." (emphasis added)); *see also State v. Corey*, —— N.C. App. ——, ——, 618 S.E.2d 784, 785 (2005). Following our Supreme Court holdings in *Allen* and *Speight*, we must remand this matter for resentencing since the aggravating factors were neither prior convictions nor facts admitted by Defendant.

Accordingly, we grant Defendant's motion for appropriate relief filed 18 May 2005.

No error in part; Remanded for resentencing in part.

Judges STEELMAN and SMITH concur.