STATE OF NORTH CAROLINA v. EUVASHII IMANI CARTER, Defendant

No. COA06-1322

(Filed 17 July 2007)

## 1. Drugs— knowingly maintaining a dwelling for keeping or selling controlled substances—sufficiency of evidence

The trial court erred by denying defendant's motion to dismiss the charge of knowingly or intentionally maintaining a dwelling for the keeping or selling of controlled substances because the State presented insufficient evidence for a rational juror to conclude that defendant either lived at the residence or was maintaining the same when: (1) the State presented no evidence indicating that defendant owned the property, bore any expense for renting or maintaining the property, or took any other responsibility for the residence; (2) the only evidence specifically relating to the maintenance of the property was the utility bill in the name of defendant's brother; (3) the State's evidence indicated only that defendant occupied the property from time to time and provided no indication that defendant kept possession over a duration of time; and (4) the affidavit filed in support of the search warrant indicating that defendant and his brother were in the business of selling cocaine from the residence was not admitted at trial, and is thus immaterial.

## 2. Continuances— motion for continuance—failure to show prejudice

The trial court did not abuse its discretion in a possession of cocaine with intent to sell or distribute, knowingly maintaining a dwelling for the keeping of controlled substances, possession of drug paraphernalia, and possession of up to one-half of an ounce of marijuana case by denying defendant's motion for a continuance one week before trial, nearly a year after defendant was indicted, in order to locate a former girlfriend to testify on defendant's behalf, because: (1) defendant had ample opportunity to notify counsel of the need to have his ex-girlfriend present to testify and failed to do so in a timely manner; (2) defendant failed to advise the court why the witness was necessary; and (3) defendant failed to show that the lack of additional time prejudiced his case when he argues only that his ex-girlfriend's testimony would show where he resided at the time of the arrest, the charge of knowingly maintaining a dwelling for the keeping or

selling of controlled substances conviction was reversed, and defendant made no effort to explain how the testimony would have made a difference with respect to the possession charges.

Appeal by defendant from judgments entered 13 April 2006 by Judge V. Bradford Long in Guilford County Superior Court. Heard in the Court of Appeals 25 April 2007.

*Attorney General Roy Cooper, by Assistant Attorney General Hope D. Murphy, for the State.*

*James M. Bell for defendant-appellant.*

GEER, Judge.

Defendant Euvashii Imani Carter appeals from convictions of possession of cocaine with intent to sell or distribute, knowingly keeping a dwelling for the keeping of controlled substances, possession of drug paraphernalia, and possession of up to one-half of an ounce of marijuana. We agree with defendant's contention that the State presented insufficient evidence that he knowingly kept or maintained a dwelling for the keeping of controlled substances and that his conviction on that charge must be reversed.

At trial, the State's evidence at most established only that defendant from time to time was present in the house at issue. Under the controlling precedent, we are required to reverse defendant's conviction of that charge. Defendant has not, however, presented any persuasive basis for overturning any of his remaining convictions.

<u>Facts</u>

The State's evidence at trial tended to show the following facts. At approximately 8:20 p.m. on 9 December 2004, Detective Jamie Castle of the High Point Police Department and several other officers executed a search warrant at a residence at 805 Tryon Avenue in High Point, North Carolina. After the officers knocked at the door and announced their presence, Detective Castle observed a figure inside the home move in front of and then away from a window.

When it was apparent that no one was going to answer the door, the officers forcibly entered the home. Although the lights were on inside, the officers initially encountered no one in the residence. The officers discovered a closed door in a hallway that appeared to be barricaded from the inside. After forcing this door open, officers

found defendant hiding beneath an overturned recliner. Tucked inside the edge of the recliner's seat was a plastic bag containing 19.8 grams of crack cocaine. Officers also seized $380.00 from defendant's person.

The room in which defendant was hiding appeared to be a bedroom. Sitting out in plain view in that room were defendant's birth certificate, social security card, and North Carolina State Identification Card. These documents all listed defendant's home address as being different from the address of the house being searched. Officers also found three photographs of defendant at various locations in the residence. In addition, the search uncovered a City of High Point utility bill for 805 Tryon Avenue addressed to defendant's brother; two separate quantities of marijuana, one weighing 3.4 grams and the other 3.0 grams; a plastic bottle containing 17 hydrocodone pills; an electronic scale covered in a "white powdery substance"; a box of plastic sandwich bags; two counterfeit $100.00 bills; and a cell phone. No one other than defendant was present in the house.

On 16 May 2005, defendant was indicted for possession of a controlled substance with intent to manufacture, sell, and deliver; maintenance of a place to keep and sell controlled substances; misdemeanor possession of drug paraphernalia; and misdemeanor possession of a controlled substance. Following a trial during the 10 April 2006 criminal session of Guilford County Superior Court, a jury found defendant guilty of possession with the intent to sell and deliver cocaine, knowingly keeping a dwelling for the keeping of controlled substances, possession of drug paraphernalia, and possession of less than one-half of an ounce of marijuana. The trial court imposed a presumptive range sentence of 11 to 14 months and a consecutive presumptive range sentence of 45 days. Defendant timely appealed to this Court.

I

[1] Defendant argues that the trial court erred in denying his motion to dismiss the charge of knowingly or intentionally maintaining a place for the keeping or selling of controlled substances. In ruling on a defendant's motion to dismiss, the trial court must determine whether the State presented substantial evidence (1) of each essential element of the offense and (2) of the defendant's being the perpetrator. *State v. Robinson*, 355 N.C. 320, 336, 561 S.E.2d 245, 255, *cert. denied*, 537 U.S. 1006, 154 L. Ed. 2d 404, 123 S. Ct. 488 (2002). "Substantial evidence is such relevant evidence as a reason-

able mind might accept as adequate to support a conclusion." *State v. Brown*, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984). When deciding a motion to dismiss, the trial court must view all of the evidence presented "in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), *cert. denied*, 515 U.S. 1135, 132 L. Ed. 2d 818, 115 S. Ct. 2565 (1995).

To obtain a conviction for knowingly or intentionally keeping or maintaining a place for the keeping or selling of controlled substances, the State has the burden of proving a defendant: "(1) knowingly or intentionally kept or maintained; (2) a building or other place; (3) being used for the keeping or selling of a controlled substance." *State v. Frazier*, 142 N.C. App. 361, 365, 542 S.E.2d 682, 686 (2001). *See also* N.C. Gen. Stat. § 90-108(a)(7) (2005). Defendant contests only the first element, arguing that the State presented insufficient evidence for a rational juror to conclude that defendant "either lived at the residence or was maintaining the same." We agree.

Whether a person "keeps or maintains" a place, within the meaning of N.C. Gen. Stat. § 90-108(a)(7), requires consideration of several factors, none of which are dispositive. *Frazier*, 142 N.C. App. at 365, 542 S.E.2d at 686. "Factors which may be taken into consideration in determining whether a person keeps or maintains a dwelling include ownership of the property, occupancy of the property, repairs to the property, payment of utilities, payment of repairs, and payment of rent." *State v. Baldwin*, 161 N.C. App. 382, 393, 588 S.E.2d 497, 506 (2003).[1] Furthermore, the word "keeping" in the context of N.C. Gen. Stat. § 90-108(a)(7) "denotes not just possession, but possession that occurs over a duration of time." *State v. Mitchell*, 336 N.C. 22, 32, 442 S.E.2d 24, 30 (1994).

Here, the State presented only the following evidence to establish that defendant kept or maintained the residence at 805 Tryon Avenue:

---

1. The State misreads *Frazier* when it argues that "the finding of large amounts of cash and numerous amounts of drug paraphernalia" are also factors to be considered in determining whether a defendant kept or maintained premises. *Frazier* only held that such evidence is relevant in determining *the purpose* for which a defendant used a building. *Frazier*, 142 N.C. App. at 366, 542 S.E.2d at 686 ("Factors to be considered in determining whether a particular place is used to 'keep or sell' controlled substances include: a large amount of cash being found in the place; a defendant admitting to selling controlled substances; and the place containing numerous amounts of drug paraphernalia."). Defendant does not challenge the "purpose" element on appeal.

(1) defendant was the sole occupant of the residence at the time of the search warrant's execution; (2) three photographs found in the bedroom showed defendant at various locations within the home; and (3) defendant's North Carolina State Identification Card, social security card, and birth certificate were also discovered in the residence, although none of those items listed 805 Tryon Avenue as defendant's home address.

The State presented no evidence indicating that defendant owned the property, bore any expense for renting or maintaining the property, or took any other responsibility for the residence. In fact, the only evidence specifically relating to the maintenance of the property was the utility bill in the name of defendant's brother.

This Court has routinely held similar evidence to be insufficient to survive a motion to dismiss. *See, e.g., State v. Harris,* 157 N.C. App. 647, 651-53, 580 S.E.2d 63, 66-67 (2003) (evidence was insufficient when it showed only that defendant was seen at dwelling several times, bedroom contained some of defendant's personal property, and none of defendant's personal papers listed dwelling as defendant's address); *State v. Kraus,* 147 N.C. App. 766, 768-69, 557 S.E.2d 144, 147 (2001) (evidence was insufficient when defendant was sole occupant of hotel room, possessed access key to that room, and had spent prior evening in room, but no evidence indicated defendant bore expense of renting room); *State v. Bowens,* 140 N.C. App. 217, 221-22, 535 S.E.2d 870, 873 (2000) (evidence was insufficient when defendant was present at dwelling on several occasions; men's clothing, not identified as belonging to defendant, was found in dwelling; and State had made no effort to determine who paid the rent, utilities, or telephone bills), *disc. review denied,* 353 N.C. 383, 547 S.E.2d 417 (2001).

The State's evidence in the present case indicates only that defendant "occupied the property from time to time," *Harris,* 157 N.C. App. at 652, 580 S.E.2d at 66, and provides no indication that defendant kept possession over a duration of time or otherwise took any responsibility whatsoever for the property. The State, however, on appeal, points to the affidavit filed in support of the application for the search warrant, in which the officer stated that a confidential informant had informed him that defendant and his brother were in the business of selling cocaine from 805 Tryon Avenue. Since this affidavit was not admitted at trial, it is immaterial in deciding whether the trial court erred in denying defendant's motion to dismiss.

The trial court thus erred in denying the motion to dismiss the charge of keeping or maintaining a dwelling house for keeping and selling controlled substances, and we reverse defendant's conviction of that charge. Given our resolution of this issue, we need not con-sider defendant's additional argument that the trial court erred in its instructions on that charge.

## II

**[2]** Defendant next argues that the trial court erred by denying his motion for a continuance. A week before the trial was scheduled to start and nearly a year after defendant was indicted, defendant moved for a continuance in order to locate a former girlfriend to tes-tify on defendant's behalf. The trial court entered a written order signed 10 April 2006, denying defendant's motion.

A motion for a continuance is generally a matter within the trial court's discretion, and a denial is not error absent an abuse of that discretion. *State v. Massey*, 316 N.C. 558, 572, 342 S.E.2d 811, 819-20 (1986). Defendant, therefore, bears the burden of showing that the trial court's ruling was "so arbitrary that it could not have been the result of a reasoned decision." *State v. T.D.R.*, 347 N.C. 489, 503, 495 S.E.2d 700, 708 (1998).[2]

Here, defendant has not assigned error to any of the findings of fact in the trial court's ruling, and, consequently, those findings are binding on appeal. *State v. Lacey*, 175 N.C. App. 370, 376, 623 S.E.2d 351, 355 (2006). In pertinent part, those findings of fact state:

2) That counsel has been court-appointed to represent the defendant for approximately one (1) year;

3) That sometime during March of 2006, the defendant informed counsel that he wished for an ex-girlfriend to be present to testify;

---

2. We note that when the denial of a motion to continue raises a constitutional issue, it presents a question of law that is fully reviewable on appeal. *Massey*, 316 N.C. at 572, 342 S.E.2d at 819-20. Although defendant's brief suggests we should exercise this more stringent standard of review, defendant's assignment of error makes no mention of any constitutional errors, and, therefore, he has waived review of any constitu-tional error. *See State v. Pendleton*, 175 N.C. App. 230, 231-32, 622 S.E.2d 708, 709 (2005) ("Although defendant argues in his brief that the court's denial [of his motion for a continuance] implicated his constitutional rights, his assignment of error does not refer to any constitutional errors. Defendant has thus waived our consideration of any constitutional error here.").

4) That counsel state[d] in his motion to continue . . . that defense counsel had spoken with defendant several times prior to this matter being raised;

5) That based upon the statements of counsel, the girlfriend is unable to be located prior to [defendant's] trial scheduled to begin this week;

6) That the Court specifically finds that the defendnt [sic] had ample opportunity to notify counsel of the need to have his ex-girlfriend present to testify at this trial and failed to do so in a timely manner, and now she is unable to be located. The Court is not privy to what information this witness has or whether the witness is a necessity for for [sic] the trial.

Based on these findings of fact, focusing on defendant's delay in notifying his attorney, we cannot conclude that the trial court's decision to deny defendant's motion to continue was an abuse of discretion, especially in light of defendant's failure to advise the court why the witness was necessary. *See T.D.R.*, 347 N.C. at 504, 495 S.E.2d at 708-09 (finding no abuse of discretion when defendant failed to explain to trial judge why more than three months was insufficient time for him to secure any necessary evidence, and defendant submitted no affidavits to trial judge indicating what facts might be proven by witness if continuance granted).

In any event, the denial of a motion to continue will be grounds for a new trial only if the "denial was erroneous and [the defendant's] case was prejudiced as a result . . . ." *State v. Gardner*, 322 N.C. 591, 594, 369 S.E.2d 593, 596 (1988). To show prejudice, a defendant must demonstrate that he did not have sufficient time to confer with counsel and to investigate, prepare, and present his defense. *State v. Williams*, 355 N.C. 501, 540, 565 S.E.2d 609, 632 (2002), *cert. denied*, 537 U.S. 1125, 154 L. Ed. 2d 808, 123 S. Ct. 894 (2003). To establish that the time allowed was inadequate, the defendant must show how his case would have been better prepared had the continuance been granted or that he was materially prejudiced by the denial of his motion. *Id.* at 540-41, 565 S.E.2d at 632.

Here, with respect to prejudice, defendant argues only that his former girlfriend's testimony was "critically important" to establish where defendant actually resided at the time of the arrest. We have, however, reversed defendant's conviction on the charge of knowingly or intentionally maintaining a place for the keeping or selling of con-

RAMSEY v. N.C. DIV. OF MOTOR VEHICLES

[184 N.C. App. 713 (2007)]

trolled substances, and defendant has made no effort to explain how his ex-girlfriend's testimony would have made a difference with respect to the possession charges. As a result, even if the trial court had abused its discretion by denying defendant's motion to continue, "[d]efendant has shown no evidence that the lack of additional time prejudiced his case." *Id.* at 540, 565 S.E.2d at 632. This assignment of error is, therefore, overruled.

No error in part; reversed in part.

Judges HUNTER and ELMORE concur.