STATE OF NORTH CAROLINA
v.
CHARLES SHAWN GARY, Defendant.
No. COA08-361
Court of Appeals of North Carolina.
Filed February 17, 2009
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General Jane T. Hautin, for the State.
Michael E. Casterline for defendant-appellant.
GEER, Judge.
Defendant Charles Shawn Gary appeals from his conviction of possession of cocaine and of being a habitual felon. Defendant asserts that the trial court erred in denying his motion for a recess until the following morning so that he could call an additional witness. Because defendant has failed to demonstrate that the trial court abused its discretion, we hold that defendant received a trial free of prejudicial error.
At trial, the State's evidence tended to show the following facts. On 9 March 2007, Lieutenant Timothy Wright and Corporal Jeff Ramsey of the Tryon Police Department were riding together on one of their regular patrols. At approximately 5:00 p.m., the officers saw defendant walking up a driveway with another person. The officers recognized defendant and knew that there were outstanding warrants for his arrest. As the patrol car approached defendant, defendant started running. Lieutenant Wright chased defendant around the back of a house, through the woods, and down the street. Corporal Ramsey drove the patrol car down the street and intercepted defendant next to another house. Corporal Ramsey ordered defendant to lie face down on the ground and handcuffed him. After defendant was handcuffed, Corporal Ramsey had defendant stand up, and the officer searched defendant's pockets. Corporal Ramsey found a small amount of cash and a substance later identified as 0.3 grams of crack cocaine.
At the close of the State's evidence, defendant testified that on 9 March 2007 at approximately 5:00 p.m., he was going to a friend's house with Chad Hannon. Mr. Hannon noticed the police and alerted defendant, who began running because there was a warrant out for his arrest. Defendant testified that when the officer searched him, the officer did not find anything. As defendant was being taken to the patrol car, the officer searched him again and then said that he had found cocaine. Defendant asserted that he did not have any cocaine in his possession on the day he was arrested and did not see the officer pull anything out of his pockets.
After defendant testified, defendant moved for a recess until the next day so that a witness, who was not present, could be available to testify on defendant's behalf. Upon determination that the witness had not been subpoenaed, the trial court denied defendant's motion.
The jury convicted defendant of possession of cocaine and of being a habitual felon. The trial court sentenced defendant to a presumptive-range term of 100 to 129 months imprisonment. Defendant timely appealed to this Court.
Defendant's sole argument on appeal is that the trial court erred in denying his motion for a recess so that he could call the additional witness. "A motion for a continuance is ordinarily addressed to the sound discretion of the trial judge, and the ruling will not be disturbed absent a showing of abuse of discretion." State v. Beck, 346 N.C. 750, 756, 487 S.E.2d 751, 755 (1997). When, however, "a motion for a continuance is based on a constitutional right, the issue presented is an issue of law and the trial court's conclusions of law are fully reviewable on appeal." State v. Tunstall, 334 N.C. 320, 328, 432 S.E.2d 331, 336 (1993).
In this case, defendant contends in his brief that the trial court's denial of his motion to continue violated the Due Process Clause of the Fourteenth Amendment, the Confrontation and Right to Counsel Clauses of the Sixth Amendment, and Article I, Section 23 of the North Carolina Constitution. In his assignments of error, however, defendant states only that "[t]he trial court erred in not holding the case open to allow the Defendant to present the testimony of a witness who was not present." This Court has previously declined to address a constitutional challenge to adenial of a motion to continue when the specific basis for that challenge was not stated in the appellant's assignments of error. See, e.g., State v. Carter, 184 N.C. App. 706, 711 n.2, 646 S.E.2d 846, 850 n.2 (2007); State v. Pendleton, 175 N.C. App. 230, 231-32, 622 S.E.2d 708, 709 (2005). Nonetheless, in light of our Supreme Court's emphasis in Dogwood Dev. & Mgmt. Co. v. White Oak Transp. Co., 362 N.C. 191, 198-99, 657 S.E.2d 361, 365-66 (2008), that appellate courts should strive to hear cases on the merits whenever possible, we address defendant's contention that the trial court's denial of his motion to continue amounted to constitutional error.
Our Supreme Court has recognized that a criminal defendant's rights to the assistance of counsel and to confront witnesses include the right to "have a reasonable time to investigate, prepare, and present his defense." State v. Harris, 290 N.C. 681, 687, 228 S.E.2d 437, 440 (1976). Similarly, "[d]ue process requires that every defendant be allowed a reasonable time and opportunity to investigate and produce competent evidence, if he can, in defense of the crime with which he stands charged and to confront his accusers with other testimony." State v. Baldwin, 276 N.C. 690, 698, 174 S.E.2d 526, 531 (1970).
"To establish a constitutional violation, a defendant must show that he did not have ample time to confer with counsel and to investigate, prepare and present his defense." Tunstall, 334 N.C. at 329, 432 S.E.2d at 337. To demonstrate that the time allowed was inadequate, "the defendant must show `how his case would have been better prepared had the continuance been granted or that he was materially prejudiced by the denial of his motion.'" Id. (quoting State v. Covington, 317 N.C. 127, 130, 343 S.E.2d 524, 526 (1986)).
In this case, defendant failed to make any showing as to how he was materially prejudiced by the trial court's denial of his motion for a recess. The pertinent portion of the transcript reads:
BY [DEFENSE COUNSEL]:
Your Honor, at this time, my client would request a recess until tomorrow so that his witness can get here.
BY THE COURT:
What witness?
BY [DEFENSE COUNSEL]:
He has a witness 
INTERJECTION BY [DEFENDANT]:
I have a witness.
BY THE COURT:
Have you subpoenaed the witness?
BY [DEFENSE COUNSEL]:
No, Your Honor. I spoke to the witness before lunch, and she said that she was going to be out of town this afternoon.
BY THE COURT:
But you have not subpoenaed the witness?
BY [DEFENSE COUNSEL]:
No, Your Honor.
BY THE COURT:
All right. Motion denied. . . .
Thus, defendant never identified the witness, provided no description of the subject matter of the witness' testimony, did not explain why her testimony was necessary to the defense, and offered no explanation as to why the witness had not been subpoenaed.
Without such a showing, we cannot conclude that the trial court violated defendant's constitutional rights or that the court abused its discretion in failing to allow a recess so that the witness could be called the next morning. See, e.g., Beck, 346 N.C. at 755-57, 487 S.E.2d at 756-57 (holding that denial of motion for overnight recess was proper when defense counsel orally stated that he had been in contact with a witness, who had originally said he would testify but now would not, and that a subpoena had been issued but not served); State v. McCullers, 341 N.C. 19, 32-33, 460 S.E.2d 163, 171 (1995) (holding that denial of motion to continue was proper when defense counsel stated he had a list of six witnesses and had not had the opportunity to interview them, and asked for a continuance, stating that he thought they "'would be important for the defense in this case,'" but "presented no details at trial indicating how these witnesses could in any way help defendant"); State v. Cradle, 281 N.C. 198, 208, 188 S.E.2d 296, 302-03 (holding that trial court's denial of motion for continuance was not constitutional violation when defendant had time to prepare her witness list beforehand, had not given the names of any specific potential witnesses to the trial court, and had notexplained what she expected to prove by her witnesses), cert. denied, 409 U.S. 1047, 34 L. Ed. 2d 499, 93 S. Ct. 537 (1972).
Accordingly, we hold that the trial court did not err in denying the motion for a recess. Since defendant's challenge to his conviction of being a habitual felon depends on his contention that he is entitled to a new trial because of the denial of his motion for a recess, we hold that defendant received a trial free of prejudicial error.
No error.
Judges WYNN and ELMORE concur.
Report per Rule 30(e).