STATE OF NORTH CAROLINA v. LARRY DALE TONEY, DEFENDANT

No. COA06-1601

(Filed 4 December 2007)

**1. Search and Seizure— motion to suppress evidence—consent—failure to make written findings of fact—undisputed evidence**

The trial court did not err in a possession with intent to sell or deliver marijuana, possession of Xanax, possession of methadone, possession of drug paraphernalia, and knowingly maintaining a dwelling for the purpose of keeping controlled substances case by denying defendant's motion to suppress evidence seized as a result of the search of a hotel room, because: (1) although defendant contends the trial court failed to make written findings of fact in violation of N.C.G.S. § 15A-977(f), our

Supreme Court has held that if there is no material conflict in the evidence, it is not reversible error to fail to make such rulings since the propriety of the ruling on the undisputed facts can be determined by the evidence; (2) a review of the evidence revealed that there was no material conflict when an officer was the only witness to testify in connection with defendant's oral motion to suppress, and the undisputed evidence revealed the officers' actual entry into the room was the result of their asking defendant's wife for consent to search the room and her specific consent that they do so; and (3) although defendant contends it was unreasonable for the officer to accept consent when the only evidence available to the police was that the woman said it was her room, the woman found outside the hotel room identified herself and explained that she was staying in the room with her husband but had gotten locked out during the night, there was no dispute that the woman was married to defendant and that they shared the hotel room, and the hotel management confirmed that the woman was a lawful occupant of the room by letting her into the room.

2. **Drugs— maintaining dwelling for purpose of keeping controlled substances—motion to dismiss—sufficiency of evidence**

The trial court erred by denying defendant's motion to dismiss the charge of maintaining a dwelling for the purpose of keeping controlled substances, and the case is remanded for resentencing based on the trial court consolidating the convictions into a single judgment for purposes of sentencing, because: (1) the State's evidence showed that defendant occupied the room one night and was present during the search, and there was no evidence that he paid for the room or was even a registered guest in the room; and (2) it would be mere speculation that defendant, as opposed to his wife, maintained or kept the room.

Appeal by defendant from judgment entered 21 July 2006 by Judge Alma L. Hinton· in Pitt County Superior Court. Heard in the Court of Appeals 22 August 2007.

*Attorney General Roy Cooper, by Assistant Attorney General M. Elizabeth Guzman, for the State.*

*Mary March Exum for defendant-appellant.*

**STATE v. TONEY**

[187 N.C. App. 465 (2007)]

GEER, Judge.

Defendant Larry Dale Toney appeals from convictions of possession with intent to sell or deliver marijuana; possession of Xanax; possession of methadone; possession of drug paraphernalia; and knowingly maintaining a dwelling for the purpose of keeping controlled substances. On appeal, defendant argues that the trial court erred in denying his motion to suppress evidence obtained in a search of his hotel room and in denying his motion to dismiss the charge of maintaining a dwelling for the purposes of keeping controlled substances. Because defendant's wife consented to the search of the hotel room, we hold that the trial court properly denied defendant's motion to suppress. With respect to the motion to dismiss, however, we agree with defendant that *State v. Kraus*, 147 N.C. App. 766, 557 S.E.2d 144 (2001), requires that we reverse defendant's conviction for maintaining a dwelling for the purpose of keeping controlled substances and remand for resentencing.

## Facts

On 16 July 2003, Officer Michael Dawson of the Greenville Police Department was dispatched to assist Emergency Medical Services with a reportedly unconscious woman lying outside of a hotel room. When Officer Dawson arrived, a white female, who had scratches and dried blood on her, was lying on the ground in front of room 237. Officer Dawson and another Greenville Police officer woke the woman and offered her medical assistance, but she refused. The woman identified herself as Amy Toney and told Officer Dawson that she and her husband—who was later identified as defendant—were using drugs in the room the night before and that there might still be drugs present in the room. Ms. Toney explained that, at some point during the night, she had left the room, and when she could not get back in, she fell asleep outside the door.

After Officer Dawson unsuccessfully attempted to awaken defendant by knocking on the door, hotel management arrived with a key and opened the door for Ms. Toney. When the door was open, Officer Dawson could see digital scales and plastic baggies on a dresser about two or three feet from the door. Officer Dawson testified that these items are commonly used in the packaging of narcotics for distribution. Defendant was lying on the bed.

Ms. Toney gave Officer Dawson consent to search the hotel room. During the search, the officers discovered several pills, including some in a prescription bottle with the name "Kemp Leonard" on it

that was located in a duffle bag containing both men's and women's clothing. They also found a small amount of marijuana in the sheets of the bed. After Ms. Toney gave the officers consent to search her car, a third officer found between three and four pounds of marijuana in a plastic grocery bag. The car was registered to Ms. Toney.

Both defendant and his wife were arrested and transported to the Greenville Police Department. Defendant was subsequently indicted with possession with intent to manufacture, sell, and deliver methadone; knowingly and intentionally maintaining a dwelling for the purposes of keeping and/or selling controlled substances; conspiracy to sell methadone; possession with intent to manufacture, sell, and deliver Klonopin; conspiracy to sell Klonopin; possession of drug paraphernalia; possession with intent to sell and deliver Xanax; conspiracy to deliver Xanax; felonious possession of marijuana; possession with intent to sell and deliver marijuana; conspiracy to sell marijuana; and conspiracy to deliver marijuana.

At the close of all the evidence, defendant made a motion to dismiss that the trial court allowed as to the conspiracy charges and all charges involving Klonopin. During the charge conference, the trial court also dismissed the charge of felonious possession of marijuana. The jury found defendant guilty of possession of marijuana with intent to sell or deliver it, possession of methadone, knowingly maintaining a place for keeping and/or selling controlled substances, possession of Xanax, and possession of drug paraphernalia. The trial court consolidated the charges and sentenced defendant to a single presumptive range term of 7 to 9 months imprisonment. Defendant timely appealed to this Court.

I

[1] Defendant first challenges the trial court's denial of his motion to suppress. During Officer Dawson's testimony, defendant made an oral motion to suppress evidence seized as a result of the search of the hotel room. After allowing voir dire examination of Officer Dawson, the trial judge orally denied the motion. Defendant argues that the trial court erred in failing to make written findings of fact in violation of N.C. Gen. Stat. § 15A-977(f) (2005). Alternatively, defendant contends that the search violated the Fourth Amendment because Officer Dawson lacked valid consent to search the hotel room.

N.C. Gen. Stat. § 15A-977(f) provides that when a trial court is deciding a motion to suppress, "[t]he judge must set forth in the

record his findings of facts and conclusions of law." Although the statute does not, on its face, seem to require written, as opposed to oral, findings of fact, we need not address defendant's argument. N.C. Gen. Stat. § 15A-977(f) notwithstanding, our Supreme Court has held that "[i]f there is not a material conflict in the evidence, it is not reversible error to fail to make such findings because we can determine the propriety of the ruling on the undisputed facts which the evidence shows." *State v. Lovin*, 339 N.C. 695, 706, 454 S.E.2d 229, 235 (1995).

Upon review of the evidence, we have identified no material conflict in the evidence. Officer Dawson was the only witness to testify in connection with defendant's oral motion to suppress. Defendant contends that a conflict arose out of Officer Dawson's testimony and his official report regarding "[h]ow entry into the [hotel] room was obtained . . . ." The evidence, however, was undisputed that the officers' actual entry into the room was the result of their asking Ms. Toney for consent to search the room and her specific consent that they do so. There is no evidence that the officers entered the room prior to receiving that consent. The only possible conflict was as to whether Ms. Toney specifically asked hotel management to unlock the room door. This conflict is immaterial given Ms. Toney's express consent to the officers' entry and the complete lack of any evidence that the officers relied upon what they saw through the opened hotel room door as a basis for entry into the room. Since there was no material dispute in the evidence in this case, findings of fact were not required.

Defendant next contends that it was "unreasonable for Officer Dawson to accept consent from Mrs. Toney to enter the room when the only evidence available to the police was that she said it was her room." The United States Supreme Court has held that "permission to search [may be] obtained from a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected." *United States v. Matlock*, 415 U.S. 164, 171, 39 L. Ed. 2d 242, 250, 94 S. Ct. 988, 993 (1974). In the absence of actual authority, a search may still be proper if an officer obtains consent from a third party whom he reasonably believes has authority to consent. *Illinois v. Rodriguez*, 497 U.S. 177, 189, 111 L. Ed. 2d 148, 161, 110 S. Ct. 2793, 2801 (1990). N.C. Gen. Stat. § 15A-222(3) (2005) codifies the principle set forth in *Rodriguez* and allows a third party to give consent when he or she is "reasonably apparently entitled to give or withhold consent to a search of premises."

In this case, Ms. Toney gave consent for the search of the hotel room. Ms. Toney was found outside the hotel room, identified herself, and explained that she was staying in the room with her husband, but had gotten locked out during the night. Our Supreme Court has held that "a wife may consent to a search of the premises she shares with her husband." *State v. Worsley*, 336 N.C. 268, 283, 443 S.E.2d 68, 76 (1994). Since there is no dispute that Ms. Toney was married to defendant and that they were sharing the hotel room, she could validly consent to a search of the room. Moreover, hotel management confirmed that Ms. Toney was a lawful occupant of the room by letting her into the room. At that point, Ms. Toney consented to a search of the room. We see no basis for holding that this consent was insufficient to justify the search. Since defendant makes no other argument regarding the legality of the search, we hold that the trial court properly denied the motion to suppress.

## II

**[2]** Next, defendant argues that the trial court erred in denying his motion to dismiss the charge of maintaining a dwelling for the purpose of keeping controlled substances. In ruling on defendant's motion to dismiss, the trial court must determine whether the State presented substantial evidence (1) of each essential element of the offense and (2) of defendant's being the perpetrator. *State v. Robinson*, 355 N.C. 320, 336, 561 S.E.2d 245, 255, *cert. denied*, 537 U.S. 1006, 154 L. Ed. 2d 404, 123 S. Ct. 488 (2002). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *State v. Brown*, 310 N.C. 563, 566, 313 S.E.2d 585, 587 (1984). In reviewing the evidence, the court must draw all reasonable inferences in the State's favor. *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), *cert. denied*, 515 U.S. 1135, 132 L. Ed. 2d 818, 115 S. Ct. 2565 (1995).

N.C. Gen. Stat. § 90-108(a)(7) (2005) provides that it shall be unlawful for any person to "knowingly keep or maintain any store, shop, warehouse, dwelling house, building, vehicle, boat, aircraft, or any place whatever, which is resorted to by persons using controlled substances in violation of this Article for the purpose of using such substances, or which is used for the keeping or selling of the same in violation of this Article." A "pivotal" question under this statute "is whether there is evidence that defendant owned, leased, maintained, or was otherwise responsible for the premises." *State v. Boyd*, 177 N.C. App. 165, 174, 628 S.E.2d 796, 804 (2006).

Defendant argues that the State failed to present sufficient evidence that he "maintained" the hotel room. "Maintain means to 'bear the expense of; carry on, . . . hold or keep in an existing state or condition.' " *State v. Allen*, 102 N.C. App. 598, 608, 403 S.E.2d 907, 913 (1991) (quoting Black's Law Dictionary 859 (5th ed. 1979)), *rev'd on other grounds*, 332 N.C. 123, 418 S.E.2d 225 (1992).

In *Kraus*, this Court addressed similar evidence to that presented in this case. Law enforcement officers arrived at a hotel after management had complained of a marijuana smell emanating from a hotel room. Law enforcement obtained consent from the registered guest to search the room and found quantities of marijuana and crack cocaine in addition to drug paraphernalia. *Kraus*, 147 N.C. App. at 767, 557 S.E.2d at 146. In considering whether the State presented sufficient evidence that the defendant "maintained" the hotel room to uphold a conviction under N.C. Gen. Stat. § 90-108(a)(7), the Court pointed out that the State's evidence only "tended to show that defendant had access to a key, spent the previous night in the motel room, and was present when law enforcement officials discovered the contraband." *Id.* at 769, 557 S.E.2d at 147. Although this evidence supported a finding of occupancy of the motel room, the State presented no evidence that defendant "rent[ed] the room or otherwise finance[d] its upkeep." *Id.* The Court further noted that the defendant had occupied the room for only 24 hours. The Court held: "Under these facts, the State failed to present sufficient evidence from which a reasonable jury could conclude that defendant maintained the motel room." *Id.*

This case is materially indistinguishable from *Kraus*. The State's evidence shows that defendant occupied the room one night and was present during the search. There is no evidence that he paid for the room or was even a registered guest in the room. It would be mere speculation that defendant, as opposed to his wife, maintained or kept the room. *Kraus* mandates that we reverse defendant's conviction for maintaining a dwelling for the purposes of keeping controlled substances.

The State, however, contends that *State v. Frazier*, 142 N.C. App. 361, 542 S.E.2d 682 (2001), supports defendant's conviction. In *Frazier*, the State presented evidence that the defendant had lived in the hotel room where the drugs were found for six or seven weeks, "sometimes" paid rent for the room, and was present in the room during daytime hours. *Id.* at 365-66, 542 S.E.2d at 686. This evidence was held sufficient to prove that the defendant "kept or maintained" the

hotel room. *Id.* at 366, 542 S.E.2d at 686. Since the State, in this case, presented no evidence that defendant paid any amount for the hotel room and the evidence did not indicate that defendant had inhabited the room for longer than 24 hours, we believe this case is controlled by *Kraus* and not *Frazier*.

We, therefore, reverse defendant's conviction of the misdemeanor charge of knowingly maintaining a place for the purpose of keeping or selling controlled substances. Defendant has failed to demonstrate any error with respect to the remaining convictions. Since, however, the trial court consolidated the convictions into a single judgment for purposes of sentencing, we must remand for resentencing. *See State v. Brown*, 350 N.C. 193, 213, 513 S.E.2d 57, 70 (1999) (after vacating one of defendant's convictions, remanding to trial court for resentencing on remaining conviction because Court could not "assume that the trial court's consideration of two offenses, as opposed to one, had no affect on the sentence imposed").

No error in part; reversed and remanded for resentencing in part.

Judges CALABRIA and JACKSON concur.