An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA14-201

NORTH CAROLINA COURT OF APPEALS

Filed: 19 August 2014

STATE OF NORTH CAROLINA

|  |  |
|---|---|
| v. | Nash County |
|  | Nos. 11CRS003612 |
| RICKY LASHON NEIL, | 11CRS051708, 051710 |
| Defendant. |  |

On writ of certiorari to review judgment entered on or about 6 September 2012 by Judge Walter H. Godwin Jr. in Nash County Superior Court. Heard in the Court of Appeals 11 August 2014.

*Attorney General Roy A. Cooper III, by Assistant Attorney General Amanda P. Little, for the State.*

*David L. Neal for defendant-appellant.*

STROUD, Judge.

On 6 September 2012 a jury convicted Ricky Lashon Neil ("defendant") of possession of drug paraphernalia, misdemeanor possession of marijuana, and possession with intent to sell and deliver cocaine. Defendant also entered a guilty plea to attaining the status of a habitual felon. The trial court consolidated defendant's convictions into a single judgment and

sentenced him as an habitual felon to a term of 88 to 115 months in prison. Defendant failed to give notice of appeal from the judgment entered against him. By order entered on 21 October 2013, this Court granted defendant's petition for writ of certiorari to review the judgment.

At trial, the State's evidence tended to show that on 31 March 2011, Officer Ala Alzer witnessed defendant sell crack cocaine to a confidential informant on the sidewalk in front of an apartment located at 138 Boyd Court in Rocky Mount, North Carolina. The sale was completed as part of a controlled buy organized by police. Officer Alzer obtained a warrant to search the apartment, and the search was executed the next day.

During the search of the apartment, officers found powder cocaine, crack cocaine, and marijuana. Officers located the cocaine next to some razor blades in a dresser in the master bedroom. On top of the dresser, officers found marijuana, defendant's wallet containing his ID card, and a box of sandwich bags. Additionally, officers found $750 in cash under the bed in the master bedroom, including the exact bills used by the confidential informant to purchase cocaine. Officers found more marijuana in a kitchen cabinet and on a table in the living room.

Prior to the officer's execution of the search warrant, defendant had left the apartment complex in his car. Officers stopped defendant approximately three blocks away from the complex and returned him to the parking lot outside of the apartment while they searched the apartment. Defendant's girlfriend, Danielle Crump, and her small child were the only people present in the apartment during the search. After the discovery of the cocaine and marijuana, Sergeant Mike Whitley spoke with defendant and informed him that he was under arrest. Defendant informed Sergeant Whitley that "you got it all," "the hard and the powdered that was in the swing door and the weed that was on top of the dresser." Defendant also chastised himself for leaving the cocaine where it could be found, telling Sergeant Whitley, "I needed to move my s-h-i-t."

At trial defendant twice made a motion to dismiss the charges against him based on insufficient evidence. The trial court denied the motion both times.

Defendant now argues the trial court erred in denying his motion to dismiss the charge of possession with intent to sell or deliver cocaine. Defendant contends the State's evidence that he had the power or intent to control the cocaine was insufficient to send the charge to the jury. We disagree.

"This Court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). "Upon defendant's motion for dismissal, the question for the Court is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of defendant's being the perpetrator of such offense. If so, the motion is properly denied." *State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (citation and quotation marks omitted), *cert. denied*, 531 U.S. 890, 148 L.Ed. 2d 150 (2000). "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), *cert. denied*, 515 U.S. 1135, 132 L.Ed. 2d 818 (1995).

"The offense of possession with intent to sell or deliver has the following three elements: (1) possession of a substance; (2) the substance must be a controlled substance; (3) there must be intent to sell or distribute the controlled substance." *State v. Carr*, 145 N.C. App. 335, 341, 549 S.E.2d 897, 901 (2001); *see also* N.C. Gen. Stat. § 90-95(a)(1) (2013).

"To prove that a defendant possessed contraband materials, the State must prove beyond a reasonable doubt that the defendant had either actual or constructive possession of the materials." *State v. Loftis*, 185 N.C. App. 190, 197, 649 S.E.2d 1, 6 (2007), *disc. review denied*, 362 N.C. 241, 660 S.E.2d 494 (2008).

> A person has actual possession of a substance if it is on his person, he is aware of its presence, and either by himself or together with others he has the power and intent to control its disposition or use. Constructive possession, on the other hand, exists when the defendant, while not having actual possession, has the intent and capability to maintain control and dominion over the [contraband]. When the defendant does not have exclusive possession of the location where the [contraband was] found, the State must make a showing of other incriminating circumstances in order to establish constructive possession.

*State v. Boyd*, 177 N.C. App. 165, 175, 628 S.E.2d 796, 805 (2006) (citations, quotation marks, and ellipses omitted). "Where sufficient incriminating circumstances exist, constructive possession of the contraband materials may be inferred even where possession of the premises is nonexclusive." *State v. Kraus*, 147 N.C. App. 766, 770, 557 S.E.2d 144, 147 (2001).

Defendant did not have actual possession of the cocaine; the State was thus required to show constructive possession.

Additionally, defendant did not have exclusive possession of the apartment in which the cocaine was found, and the State was required to show other incriminating circumstances in order to establish defendant's constructive possession of the cocaine.

Here, the day before the search, Officer Alzer observed defendant leave the apartment at 138 Boyd Court and sell crack cocaine to a confidential informant on the sidewalk immediately in front of the apartment. Defendant's wallet was found in the master bedroom on top of the dresser containing the cocaine, and the money with which the confidential informant bought cocaine was found in a box under the bed in the master bedroom. Moreover, defendant admitted that the cocaine found by the officers was all the cocaine that would be found in the apartment, and his statements confirmed both the location and types of cocaine discovered.

We conclude that this evidence, considered in the light most favorable to the State, clearly incriminates defendant and that an inference of constructive possession was appropriate in this case. Accordingly, we hold the trial court did not err in denying defendant's motion to dismiss the charge of possession with intent to sell or deliver cocaine.

NO ERROR.

Judges BRYANT and HUNTER, JR., Robert N. concur.

Report per Rule 30(e).